1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PACTOOL INTERNATIONAL LTD., a
Washington corporation,

                    Plaintiff,

          v.

DEWALT INDUSTRIAL TOOL CO., a
Maryland corporation; and KETT TOOL
COMPANY INC., an Ohio corporation,

                    Defendants.

CASE NO. C06-5367BHS

ORDER GRANTING
DEFENDANT'S MOTION
TO STAY

 

This matter comes before the Court on the Defendant Kett Tool Company Inc.'s

Motion to Stay Proceeding Pending Reexamination of U.S. Patent Nos. 5,993,303 and

6,250,998, or in  the Alternative, For an Amended Scheduling Order (Dkt. 30). The Court

has considered the pleadings filed in support of and in opposition to the motion and the

remainder of the file and hereby grants the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed its Complaint on June 29, 2006 alleging various counts of patent

infringement against Defendant Kett Tool Company, Inc. Dkt. 1.  Discovery is scheduled

to be completed by March 28, 2008 and  trial is set for September 8, 2008. Dkt. 25.

Discovery has been initiated but is far from complete. Dkt. 35 at 4.  On December 20,

2007, Defendant submitted a Request for Ex Parte Reexamination Transmital Form to the

United States Patent and Trademark Office ("USPTO") requesting a reexamination of the patents at issue in the instant matter on the basis of the existence of prior art that was not considered by the USPTO when issuing the subject patents. Dkt. 30-2.  On December 20, 2007, Defendant also filed its motion to stay with this Court requesting that the instant matter be stayed until the USPTO has the opportunity to determine whether to reexamine the subject patents and render a decision if reexamination occurs. Dkt. 30.  Plaintiff has opposed this motion. Dkt. 35.

## II. DISCUSSION

"The decision whether to grant or deny a motion to stay proceedings pending [US]PTO reexamination rests within the sound discretion of the court." *Sorensen v. Black and Decker Corporation,* 2007 WL 2696590 at 3 (S.D. Cal. 2007).  Congress instituted the reexamination process to utilize the USPTO's specialized expertise to reduce costly and time consuming litigation. *Canady v. Erbe Elektromedizin GmbH,* 271 F. Supp. 2d 64, 78 (D.D.C. 2002).  For this reason courts have established "a 'liberal policy' in favor of granting motions to stay pending the outcome of [US]PTO reexamination proceedings." *Sorensen,* 2007 WL 2696590 at 3.

While the decision to grant or deny a motion to stay is left up to the court's discretion, courts have provided three factors that can be considered when exercising its discretion.  Those factors are: "(1) the stage of litigation, i.e., whether discovery is almost complete and whether a trial date has been set; (2) whether a stay would cause undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question and trial of the case." *Id.*

### 1. Stage of Litigation

In the instant matter a trial date has been set for September 8, 2008 and discovery has been initiated but is not substantially completed.  The issues present in the instant matter are highly technical, dealing with the effects of prior art and a patented gap therein that subsumes the patented gap in the patents the subject of this suit.  Because discovery is only in its beginning stages, the Court finds that the stage of litigation weighs in favor

1  of entering a stay to allow the USPTO to use their expertise to determine the affects of the

2  submitted prior art on the subject patents.

3  **2.  Prejudice to the Nonmoving Party**

4  The prejudice to the nonmoving party would refer here to the Plaintiff, or the party

5  opposing the stay.  It is clear that Plaintiff is prejudiced by instituting a stay in this matter

6  by delaying the proceedings and placing the trial date in jeopardy. This factor weighs in

7  favor of denying the motion and proceeding toward resolution. However, the Court does

8  not find that this prejudice is undue.  Defendant has raised issues of patentability with the

9  patents that are the subject of this suit based on existing prior art that was not considered

10 by the USPTO.  The USPTO is better suited to make these determinations and therefore

11 the Court determines that prudence counsels in favor of staying the instant matter to allow

12 the USPTO to apply their expertise to resolve the patentablity questions raised.

13 **3.  Simplification of Issues**

14 There are many complex issues present in the current case that could be simplified

15 if the USPTO is allowed to make a final determination.  If the reexamination proceedings

16 are allowed to continue to a final determination it could potentially eliminate trial over

17 patent infringement altogether if the patent claims are canceled, or the issues could be

18 significantly narrowed if the patent is upheld.  The USPTO has technical expertise in

19 determining the validity of a patent and it is in the interest of judicial economy to allow it

20 to do so.

21 "However, a court is under no obligation to delay its own proceedings by yielding

22 to ongoing [US]PTO patent reexaminations, regardless of their relevancy to infringement

23 claims which the court must analyze." *Fresenius Medical Care Holdings, Inc. v. Baxter*

24 *Int'l, Inc.,* 2007 WL 1655625 (N.D. Cal. 2007)**.**  While noting these issues, the Court

25 recognizes Congress's intent of utilizing the USPTO's specialized expertise to reduce

26 costly and time consuming litigation, and finds that this factor weighs in favor of staying

27 the instant matter.

28

ORDER - 3

### III. CONCLUSION

When weighing the factors of the stage of litigation, the prejudice to the nonmoving party, and the affect of reexamination on the simplification of the issues at trial, the Court finds that the instant matter should be stayed to allow the USPTO to determine whether reexamination is warranted and, if so, to render a final determination on the patentability of U.S. Patent Nos. 5,993,303 and 6,250,998. This stay should only remain in place as long as is necessary to allow this determination to occur. Therefore, the Court shall stay the instant matter until May 1, 2008 or until a motion to lift the stay is submitted showing that the USPTO has declined to reexamine the subject patents. If the USPTO determines that reexamination is necessary, the Court will extend the stay upon a showing that reexamination has been undertaken.

### V. ORDER

Therefore, it is hereby

**ORDERED** that Defendant Kett Tool Company Inc.'s Motion to Stay Proceeding Pending Reexamination of U.S. Patent Nos. 5,993,303 and 6,250,998, or in the Alternative, For an Amended Scheduling Order (Dkt. 30) is hereby **GRANTED**. The instant matter shall be stayed until May 1, 2008, or by further order of the Court. The current trial dates and discovery deadlines are hereby stricken.

It is further **ORDERED** that Plaintiff's motion to strike (Dkt. 38) is hereby **DENIED.** However, Plaintiff's motion to have the Court consider its surreply and the exhibits attached thereto (Dkt. 38) is hereby **GRANTED.**

DATED this 1st day of February, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4