UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PACTOOL INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> KETT TOOL COMPANY, INC., et al., <br><br> Defendants. | CASE NO. C06-5367BHS <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR TRANSFER |

This matter comes before the Court on Defendants Kett Tool Company, Inc.'s ("Kett") and H. Rowe Hoffman's ("Hoffman") Motion to Dismiss or Transfer (Dkt. 75). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

The instant action was filed on June 29, 2006. Dkt. 1. In December of 2007, Kett requested reexamination of the patents-in-suit in the United States Patent and Trademark Office. *See* Dkt. 30. On February 1, 2008, the Court granted Kett's request for a stay of this litigation until the reexamination procedures were completed. Dkt. 39. The reexamination proceedings were terminated in December of 2009 and the stay was terminated on December 18, 2009. *See* Dkt. 48. On April 1, 2010, the Court granted Plaintiff PacTool International Ltd.'s ("PacTool") motion to amend its complaint to add Hoffman as a Defendant. Dkt. 61.

ORDER - 1

1   This is a patent case arising under federal patent law. *See generally* Dkt. 63. This
2  Court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. §§
3  1331 (federal question jurisdiction) and 1338(a) (an Act of Congress governing patent
4  cases). PacTool's amended complaint alleges that Defendants have been and are
5  infringing – directly, contributorily and/or by inducement – technology contained in
6  patents owned by PacTool by manufacturing, using, selling and/or offering for sale
7  products that infringe such technology. Dkt. 63 at 3-6. The products at issue contain
8  fiber-cement cutting technology that PacTool maintains is protected by its patents. *Id*. at
9  2.
10   On April 26, 2010, Defendants filed their motion requesting the Court to dismiss
11 or transfer this action for improper venue, or in the alternative, to transfer this action to
12 the Southern District of Ohio pursuant to 28 U.S.C. § 1404. Dkt. 75. Further, Hoffman
13 requests that the Court dismiss or transfer the causes of action against him for lack of
14 personal jurisdiction and/or for failure to state a claim upon which relief can be granted.
15 *Id*. On May 17, 2010, PacTool filed its response (Dkt. 85) and on May 21, 2010,
16 Defendants replied (Dkt. 86).

17                         **II. DISCUSSION**

18   Because the Court has concluded that Defendants' motion should be granted to the
19 extent that the action will be transferred pursuant to § 1404(a), as discussed below, the
20 Court denies Defendants' motion with respect to their request for dismissal for improper
21 venue and lack of personal jurisdiction over Hoffman, as moot.

22 **A.   Motion to Dismiss for Failure to State a Claim**

23   Defendants argue that PacTool's cause of action against Hoffman should be
24 dismissed for failure to state a claim upon which relief can be granted pursuant to Rule
25 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 75 at 10. Motions to dismiss
26 brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory
27 or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica*
28

ORDER - 2

*Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).   To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555-56 (internal citations omitted).  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

 PacTool, in its amended complaint, alleges that Hoffman "knowingly infringed, induced infringement, and/or contributed to the infringement by Kett and/or third parties by deciding that Kett would continue to manufacture, offer for sale, and sell infringing devices." Dkt. 85 at 23-24 (quoting PacTool's Amended Complaint, Dkt. 63 at 4 ¶¶ 21-24). Defendants argue that the claims against Hoffman should be dismissed under Rule 12(b)(6) because PacTool has failed to show that Kett is really a corporate sham or that Hoffman had personal culpability in the actions he took regarding PacTool's patents. Dkt. 75 at 10.  PacTool maintains that it is unnecessary to use the phrase "personal culpability" where, as here, its amended complaint clearly alleges that Hoffman acted with full knowledge of PacTool's patents, disregarded such patents, and knowingly induced Kett's and third-parties' infringement of such patents. Dkt. 85 at 24-25.  The Court concludes that, taking the allegations in PacTool's amended complaint as true, PacTool has met its burden of showing personal culpability on the part of Hoffman sufficient to survive Defendants' motion to dismiss.  Accordingly, Defendants' motion to dismiss for failure to state a claim upon which relief can be granted is denied.

ORDER - 3

**B.     28 U.S.C. § 1404**

Defendants' motion, in the alternative to dismissal, seeks relief in the form of transferring the instant action to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a). Dkt. 75 at 9-10. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The parties do not dispute that this case could have been brought in the Southern District of Ohio. In *Jones v. BNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000), the Ninth Circuit laid out the factors that a district court should consider in deciding a motion to transfer pursuant to § 1404(a). The factors are:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99. In order to include considerations stemming from the traditional *forum non conveniens* analysis, some courts have added the factors of (9) the pendency of related litigation in the transferee forum, (10) the relative congestion of the two courts, and (11) the public interest in the local adjudication of local controversies, to their review of motions under § 1404(a). *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.C. Wash. Dec. 15, 2005) (Martinez, J.) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). Accordingly, the Court will consider each of these factors as they relate to the instant case.

**1.     Plaintiff's Choice of Forum and Location of Relevant Events**

Because the application of § 1404 "results in transfer, not dismissal as in *forum non conveniens*, a lesser showing of inconvenience is required to upset plaintiff's choice." *Amazon.com*, 404 F. Supp. 2d at 1260; *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). The district court's analysis of these factors in the *Amazon.com* patent case is instructive:

ORDER - 4

> When the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum. In patent infringement actions, the preferred forum is that which is the center of gravity of the accused activity. The district court ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its *production*.

*Id*. at 1260 (internal quotation marks and citations omitted) (emphasis added). Here, the production of the alleged infringing products takes place in Ohio. Dkt. 86 at 11. Although one of PacTool's claims is that Defendants made infringing sales of a patented product, and 852 of these sales have occurred in Washington, this makes up only five percent of PacTool's total sales of these products. Dkt. 86-5. Moreover, the "hub of activity" is where these products are being produced, not sold, and in this case the location is in Ohio. *See Amazon.com*, 404 F. Supp. 3d at 1260. Therefore, the Court concludes that the factor of PacTool's choice of forum is neutral and the factor of the location of the relevant events weighs in favor of transfer.

### 2. Familiarity With the Governing Law

Although PacTool argues that this Court is already familiar with the facts and issues of this case because of the stay that was granted pending Kett's request for reexamination of the patents-in-suit, the case is still in the early stages of litigation. *See* Dkt. 52 (Minute Order setting the trial and pretrial dates in this case). Moreover, this factor is generally given more weight in a diversity action as it relates to applicable state law. Here, the applicable laws are the federal statutes governing patents. A district court in Ohio is equally capable of applying the patent laws that govern this case. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). Therefore, the Court concludes that this factor is neutral.

### 3. Contacts With the Forum

Defendants have failed to show that PacTool has contacts with the Southern District of Ohio. PacTool has shown that Kett has contacts with Washington and that Hoffman had contacts with Washington as an officer of Kett. However, as PacTool is suing Hoffman for his personal liability in allegedly inducing infringement of the

ORDER - 5

1 products at issue (Dkt. 63 at 3-6), PacTool has failed to show how Hoffman has any
2 contacts with Washington as an individual.  Therefore, the Court concludes that, on
3 balance, this factor is neutral.

### 4. Differences in the Cost of Litigation

PacTool argues that the cost of litigation will be less expensive if the case proceeds in Washington and that this factor weighs against transfer. Dkt. 85 at 27-28. In support of its argument, PacTool states that Defendants have issued deposition notices for ten witnesses, and that eight of these witnesses live in Washington and that the other two live in California and Arizona. *Id.* Therefore, PacTool maintains that its cost of litigation would be much more expensive if its employees, and these witnesses, were required to travel to Ohio for trial. *Id.* Defendants argue that the differences in the cost of litigation, as it relates to witnesses and the parties' employees, between the two states is negligible. Dkt. 86 at 11-12. Defendants' main argument that this factor weighs in favor of transfer is that Hoffman, a named defendant, has health issues that will preclude him from traveling to Washington and that he would be unable to attend trial if it was held here. *Id.* Although PacTool's argument regarding the location of the witnesses has merit, the Court is hesitant to place a significant amount of weight on that issue as the case is still in the relatively early stages of discovery and more witnesses will likely be identified. Therefore, the Court concludes that, considering both parties have significant concerns with the costs of litigation of proceeding in either state, this factor is neutral.

### 5. Availability of Obtaining Testimony of Non-Party Witnesses

PacTool and Defendants agree that thus far, eight non-party witnesses have been identified and six of those witnesses live in Washington. Dkts. 85 at 23 and 86 at 12. PacTool argues that because an Ohio court has no subpoena power over any of the non-party witnesses, and this Court has subpoena power over six of them, this factor should weigh against transfer. Dkt. 85 at 29. Defendants maintain that Kett has issued deposition notices for the eight non-party witnesses that have been identified so far and

PacTool has not issued any. Dkt. 86 at 12. Thus, Defendants argue that Kett is the party that would be most prejudiced by the Ohio court's lack of subpoena power, not PacTool, and therefore this fact weighs in favor of transfer. *Id*. Although the facts of this case indicate that there may be additional non-party witnesses identified in Ohio, a majority of the non-party witnesses identified so far are residents of Washington. Therefore, the Court concludes that this factor weighs against transfer.

**6.     Access to Sources of Proof**

PacTool asserts that this factor is neutral as documents relevant to the litigation are being exchanged electronically and thus can be accessed from nearly any location. Dkt. 85 at 29. Defendants maintain that this factor weighs in favor of transfer as the alleged infringing products are manufactured in the Southern District of Ohio and if there is a need for the jury to view such premises, a trial in Washington will foreclose that option. Dkt. 86 at 12. Considering the facts in this case, a jury view of the premises may be appropriate and thus, the Court concludes that this factor weighs in favor of transfer.

**7.     Related Litigation**

The parties agree that there is no pending related litigation. Dkts. 85 at 23 and 86 at 12. Therefore, the Court concludes that this factor is neutral.

**8.     Congestion of the Two Forums**

PacTool argues that this Court is less congested than the Southern District of Ohio and that this factor should weigh against transfer. Dkt. 85 at 30. Defendants allege that the courts' respective websites show that the difference between the congestion of the two courts is negligible when measured from the filing of a civil case to its disposition (6.7 months compared to 10.6 months). Dkt. 86 at 12-13. Having reviewed the statistics, the Court finds that the numbers also show that while the Ohio court, per judgeship, has more pending cases, they have less total filings and less weighted filings than this Court. Dkts. 86-2 and 86-3. The Court is not convinced that either party's submissions are actually indicative that one court's calendar is any more congested than another. Indeed, the real

ORDER - 7

1  purpose of this factor is whether one court can provide a significantly speedier trial than
2  another because of a less-crowded docket. *See Gates Learjet Corp.*, 743 F.2d 1325, 1337
3  (9th Cir. 1984) (analyzing a motion to dismiss for *forum non conveniens*).  Here, as in
4  *Amazon.com*, "the statistics on median time to trial do not separate types of trials and thus
5  do not account for the great complexity of patent cases, which take considerably longer to
6  come to trial."  404 F. Supp. 2d. at 1261.  Accordingly, it cannot be concluded that a
7  speedier trial could be had here than in Ohio.  Thus, the Court concludes that this factor is
8  neutral.

### 9. Local Interest in Adjudicating the Controversy

PacTool argues that Washington has a strong local interest in providing a convenient forum for its residents to settle disputes with out-of-state tortfeasors and making sure that Washington businesses are protected.  Dkt. 85 at 30.  Defendants maintain that "[p]atent issues do not give rise to a local controversy or implicate local interests."  Dkt. 86 at 13 (quoting *Tristrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008).  While the Court acknowledges that Washington has an interest in protecting its local businesses, the Court agrees with Defendants that federal courts, whether in Washington or Ohio, have an equal interest in resolving federal patent issues, regardless of where the parties are from.  Therefore, the Court concludes that this factor is neutral.

### 10. Conclusion

As discussed above, the Court concludes that most of the factors taken into account in deciding the motion to transfer are neutral in this case.  However, there are important factors that weigh against and in favor of transfer.  Taken together, the Court concludes that the access to sources of proof, the location of the relevant events, and the claims added by PacTool against Hoffman, as well as Hoffman's current health issues, tip the scale in favor of transferring this case to the Southern District of Ohio.  Moreover, the Court has concerns regarding proper venue and the Court's personal jurisdiction over

ORDER - 8

Hoffman following PacTool's amended complaint. Therefore, the Court concludes that this case should be transferred to the Southern District of Ohio pursuant to 28 U.S.C. § 1440(a).

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss and/or transfer (Dkt. 86) is **DENIED in part** and **GRANTED in part** as follows:

1. Defendants' motion to dismiss PacTool's claims against Hoffman for failure to state a claim upon which relief can be granted under Rule 12(b)(6) is **DENIED**;

2. Defendants' motions to dismiss for improper venue and lack of personal jurisdiction are **DENIED as moot**; and

3. Defendants' motion to transfer this case to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a), is **GRANTED**.

DATED this 30th day of June, 2010.

BENJAMIN H. SETTLE
United States District Judge