UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PACTOOL INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> KETT TOOL COMPANY, INC., et al., <br><br> Defendants. | CASE NO. C06-5367BHS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff PacTool International Ltd.'s ("PacTool") motion for reconsideration (Dkt. 96) of the Court's order (Dkt. 90) on Defendants Kett Tool Company, Inc.'s ("Kett") and H. Rowe Hoffman's ("Hoffman") Motion to Dismiss or Transfer (Dkt. 75). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

The instant action was filed on June 29, 2006. Dkt. 1. In December of 2007, Kett requested reexamination of the patents-in-suit in the United States Patent and Trademark Office. *See* Dkt. 30. On February 1, 2008, the Court granted Kett's request for a stay of this litigation until the reexamination procedures were completed. Dkt. 39. The reexamination proceedings were terminated in December of 2009 and the stay was terminated on December 18, 2009. *See* Dkt. 48. On April 1, 2010, the Court granted Plaintiff PacTool International Ltd.'s ("PacTool") motion to amend its complaint to add Hoffman as a Defendant. Dkt. 61.

ORDER - 1

1  This is a patent case arising under federal patent law. *See generally* Dkt. 63. This Court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (an Act of Congress governing patent cases). PacTool's amended complaint alleges that Defendants have been and are infringing – directly, contributorily and/or by inducement – technology contained in patents owned by PacTool by manufacturing, using, selling and/or offering for sale products that infringe such technology. Dkt. 63 at 3-6. The products at issue contain fiber-cement cutting technology that PacTool maintains is protected by its patents. *Id.* at 2.

On April 26, 2010, Defendants filed their motion requesting the Court to dismiss or transfer this action for improper venue, or in the alternative, to transfer this action to the Southern District of Ohio pursuant to 28 U.S.C. § 1404. Dkt. 75. Further, Hoffman requested that the Court dismiss or transfer the causes of action against him for lack of personal jurisdiction and/or for failure to state a claim upon which relief can be granted. *Id*. On June 30, 2010, the Court issued an order granting in part and denying in part Defendants' motion and transferred the case to the Southern District of Ohio. Dkt. 90. On July 8, 2010, Defendants filed a statement noting the death of Defendant Hoffman. Dkt. 94. On July 14, 2010, PacTool filed a motion for reconsideration of the Court's order transferring the case. Dkt. 96.

PacTool's motion for reconsideration of the Court's order is limited to the Court's decision to transfer the case to the Southern District of Ohio. *See generally* Dkt. 96. The Court concludes that in light of the death of Defendant Hoffman and the Court's reconsideration of its weighing of the *Jones* factors, specifically PacTool's choice of forum, the Court concludes that the interests of justice weigh against transfer of this case to the Southern District of Ohio. *See Jones v. BNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *see also* 28 U.S.C. § 1404(a).

Therefore, it is hereby **ORDERED** that PacTool's motion for reconsideration (Dkt. 96) is **GRANTED** and the Court's order on Defendants' motion to transfer or dismiss (Dkt. 90) is **VACATED** to the extent that it transfered this case to the Southern District of Ohio.  PacTool's pending motion for partial summary judgment (Dkt. 59 ) is hereby noted for August 23, 2010.

DATED this 25th day of August, 2010.

BENJAMIN H. SETTLE
United States District Judge