UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PACTOOL INTERNATIONAL LTD.,

    Plaintiff,

v.

KETT TOOL COMPANY, INC., et al.,

    Defendants.

CASE NO. C06-5367BHS

ORDER

This matter comes before the Court having reviewed the parties' briefs in response to the Court's order (Dkt. 106) on the issue of the Court conducting a claim construction proceeding prior to deciding Plaintiff PacTool International Ltd.'s ("PacTool") motion for partial summary judgment of literal infringement (Dkts. 111, 113 & 115). The Court has considered the parties' briefs and the remainder of the file and hereby concludes that the Court will not conduct a claim construction proceeding prior to deciding PacTool's motion for partial summary judgment of literal infringement.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This is a patent case arising under federal patent law. *See generally* Dkt. 63. This Court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (an Act of Congress governing patent cases). PacTool's amended complaint alleges that Defendants have been and are infringing – directly, contributorily and/or by inducement – technology contained in

ORDER - 1

patents owned by PacTool by manufacturing, using, selling and/or offering for sale products that infringe such technology. Dkt. 63 at 3-6.

This action was filed on June 29, 2006. Dkt. 1. In December of 2007, Defendant Kett Tool Company Inc. ("Kett") requested reexamination of the patents-in-suit in the United States Patent and Trademark Office. *See* Dkt. 30. On February 1, 2008, the Court granted Kett's request for a stay of this litigation until the reexamination proceedings were completed. Dkt. 39. The reexamination proceedings were terminated in December of 2009 and the stay was terminated on December 18, 2009. *See* Dkt. 48. On April 1, 2010, the Court granted PacTool's motion to amend its complaint to add Hoffman as a Defendant. Dkt. 61.

On April 26, 2010, Defendants filed their motion requesting the Court to dismiss or transfer this action for improper venue, or in the alternative, to transfer this action to the Southern District of Ohio pursuant to 28 U.S.C. § 1404. Dkt. 75. Further, Hoffman requests that the Court dismiss or transfer the causes of action against him for lack of personal jurisdiction and/or for failure to state a claim upon which relief can be granted. *Id*. On July 7, 2010, the Court issued an order granting in part and denying in part Kett and Hoffman's motion and transferred the case to the Southern District of Ohio. Dkt. 93. On July 8, 2010, Kett filed a statement noting the death of Hoffman. Dkt. 94. On July 14, 2010, PacTool filed a motion for reconsideration of the Court's order regarding transfer. Dkt. 96. On August 25, 2010, the Court granted PacTool's motion and reopened the case. Dkt. 103.

On March 25, 2010, PacTool filed a motion for partial summary judgment of literal infringement. Dkt. 59. On April 12, 2010, Kett filed a response (Dkt. 66) and on April 16, 2010, PacTool replied (Dkt. 71). On September 23, 2010, the Court ordered the parties to file briefing on whether it was necessary for the Court to conduct a claim construction proceeding prior to deciding PacTool's motion for partial summary judgment. Dkt. 106. On October 8, 2010, PacTool filed its opening brief on the issue of

1  claim construction.  Dkt. 111.  On October 20, 2010, Kett filed its response (Dkt. 113),
2  and on October 25, 2010, PacTool filed its reply (Dkt. 115).

## II. DISCUSSION

PacTool's motion for partial summary judgment involves the literal infringement of claim 16 of the '303 Patent and claims 10 and 19 of the '998 Patent.  Dkt. 59.  PacTool maintains that there is no dispute as to the claim terms, relying on the parties' 2007 stipulation which removed the Markman hearing from the Court's calendar and stated that "[t]he parties conferred and concluded that the claim terms of the patents-in-suit need not be construed in a separate hearing, and thus, the Markman Hearing (and briefing) were unnecessary." (Dkt. 21).  Dkt. 59 at 12.  Kett argues that there are disputed claim terms in this case and that it would be prejudicial to Kett "to require it to be bound to a stipulation that was made more than two and a half years ago" especially considering PacTool's new claims that it first asserted in its amended complaint.  Dkt. 66 at 6.  Kett asserts that the Court should follow the Local Patent Rules and set a schedule for the claim construction process in this case.  Dkt. 66 at 5.

Having reviewed the parties' briefs and the remainder of the file herein, the Court concludes that it is not necessary for the Court to conduct a claim construction proceeding prior to deciding PacTool's motion for partial summary judgment of literal infringement as Kett has failed to identify terms that it believes need to be construed for purpose of literal infringement.  However, the Court further concludes that conducting claim construction may be necessary before the Court decides Kett's recently filed motion for summary judgment. (Dkt. 125).  Parties are to attempt to file a joint proposed schedule for conducting the claim construction process.  If the parties cannot reach an agreement, each party may file its proposed schedule and limited argument in support of the schedule in a brief not to exceed six pages.  The Court notes that it is inclined to adopt a schedule that will allow this case to proceed in an efficient and timely manner.

ORDER - 3

### III. ORDER

Therefore, the Court **ORDERS** as follows:

(1) No claim construction proceeding will be conducted prior to deciding PacTool's motion for partial summary judgment of literal infringement and PacTool's motion (Dkt. 59) is hereby **RENOTED** to December 15, 2010;

(2) The parties are to file a joint proposed schedule, or each party is to file a separate proposed schedule, for conducting the claim construction process as discussed above;

(3) Kett's motion for summary judgment (Dkt. 125) and all pending case schedule deadlines are **STAYED** until the Court issues a schedule for conducting the claim construction process and adjusts the current case schedule accordingly.

DATED this 15th day of December, 2010.

BENJAMIN H. SETTLE
United States District Judge