UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PACTOOL INTERNATIONAL LTD.,

    Plaintiff,

v.

KETT TOOL COMPANY INC., et al.,

    Defendants.

CASE NO. C06-5367BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO CERTAIN OF DEFENDANT'S AFFIRMATIVE DEFENSES

    This matter comes before the Court on Plaintiff PacTool International Ltd.'s ("PacTool") motion for summary judgment as to certain of Defendant Kett Tool Company Inc.'s ("Kett") affirmative defenses (Dkt. 123). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

    For a more complete procedural history and factual background see the Court's order on PacTool's motion for partial summary judgment of literal infringement (Dkt. 148). This action was filed on June 29, 2006. Dkt. 1. This is a patent case arising under federal patent law. *See generally* Dkt. 63. This Court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction)

ORDER - 1

and 1338(a) (an Act of Congress governing patent cases). PacTool's amended complaint alleges that Kett and H. Rowe Hoffman ("Hoffman"), for whom Hoffman's estate has been substituted (Dkt. 121) have been and are infringing – directly, contributorily and/or by inducement – technology contained in patents owned by PacTool by manufacturing, using, selling and/or offering for sale products that infringe such technology. Dkt. 63 at 3-6. The products at issue contain fiber-cement cutting technology that PacTool maintains is protected by its patents. *Id*. at 2.

On December 7, 2010, PacTool filed its motion for summary judgment as to certain of Kett's affirmative defenses. Dkt. 123. On December 27, 2010, Kett responded (Dkt. 133) and on December 31, 2010, PacTool replied (Dkt. 134).

## II. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

1    The determination of the existence of a material fact is often a close question. The
2 Court must consider the substantive evidentiary burden that the nonmoving party must
3 meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477
4 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual
5 issues of controversy in favor of the nonmoving party only when the facts specifically
6 attested by that party contradict facts specifically attested by the moving party. The
7 nonmoving party may not merely state that it will discredit the moving party's evidence at
8 trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec.*
9 *Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific
10 statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan*
11 *v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.    Affirmative Defenses**

   As a preliminary matter, in addition to seeking summary judgment against Kett of certain affirmative defenses, PacTool maintains that summary judgment should also be granted as to Hoffman's estate as the estate was substituted in place of Hoffman. Dkt. 123 at 1. Kett objects to PacTool's assertion that the estate should be bound by the Court's decision on this motion, arguing that it would be premature because the estate itself has not pled any affirmative defenses. Dkt. 133 at 1. The Court concludes that its decision on the instant motion will apply to Hoffman's estate as both Hoffman and Kett filed the answer (Dkt. 95) containing the affirmative defenses at issue and Hoffman's estate was simply substituted in place of Hoffman following his death.

   In the instant motion, PacTool seeks summary judgment as to Kett's affirmative defenses of: (1) failing to state a claim upon which relief can be granted; (2) laches; (3) estoppel; (4) waiver; (5) implied license; and (6) unclean hands. Dkt. 123 at 3-7. With respect to failure to state a claim, Kett does not respond to PacTool's motion, and therefore concedes that it is no longer seeking an affirmative defense that PacTool failed to state a claim upon which relief can be granted. *See* Dkt. 133. With respect to laches,

ORDER - 3

1  estoppel, waiver, and implied license, Kett makes an argument that it is entitled to present
2  these defenses based on its factual allegations that it told PacTool that it was going to sell
3  certain devices that may have contained technology used in PacTool's products that later
4  received patents, that Kett was selling those certain devices before PacTool obtained its
5  patents, that PacTool never responded to Kett's letter that it would begin selling these
6  devices until filing the instant lawsuit five to six years after the fact, and that a Kett
7  employee was the actual inventor of the technology for which PacTool obtained its
8  patents. *Id.* Kett's response regarding the unclean hands defense is that such defense is
9  based on the same operative facts as its defense of unenforceability due to inequitable
10 conduct and that the Court may determine that, based on those facts, PacTool is also
11 entitled to an unclean hands defense. *Id.* In its reply to Kett's response, PacTool asks the
12 Court to grant its motion based on Kett's failure to present any evidence in support of any
13 of the affirmative defenses at issue in PacTool's motion. Dkt. 134.

14      The Court agrees with PacTool and concludes that its motion for summary
15 judgment should be granted based on Kett's failure to present any evidence in support of
16 its response to the motion and therefore its failure to show a genuine issue of material fact
17 with respect to the affirmative defenses at issue in PacTool's motion. *See Smith v. Mack*
18 *Trucks, Inc.*, 505 F.2d 1248, 1249 (9th Cir. 1974) (stating that "[l]egal memoranda and
19 oral argument, in the summary-judgment context, are not evidence, and do not create
20 issues of fact capable of defeating an otherwise valid motion for summary judgment").
21 PacTool has filed an otherwise valid motion for summary judgment well-supported by
22 case law and factual evidence and Kett failed to raise a genuine issue of fact in its
23 response. As the Court stated above in its recitation of the summary judgment standard,
24 the moving party is entitled to judgment as a matter of law when the nonmoving party
25 fails to make a sufficient showing on an essential element of a claim in the case on which
26 the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323
27 (1986). Here, Kett failed to make a sufficient showing on all of the elements of the
28

affirmative defenses at issue in that it failed to present evidence of any kind in support of its defenses. Therefore, the Court concludes that PacTool is entitled to summary judgment on Kett's affirmative defenses of failing to state a claim upon which relief can be granted, laches, estoppel, waiver, implied license, and unclean hands.

### III. ORDER

Therefore, it is hereby **ORDERED** that PacTool's motion for summary judgment as to certain of Kett's affirmative defenses (Dkt. 123) is **GRANTED** and Kett and Hoffman's estate are precluded from raising the affirmative defenses of failing to state a claim upon which relief can be granted, laches, estoppel, waiver, implied license, and unclean hands.

DATED this 31st day of January, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5