1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                   WESTERN DISTRICT OF WASHINGTON
                             AT TACOMA
7
   PACTOOL  INTERNATIONAL LTD.,
8
                        Plaintiff,                    CASE NO. C06-5367BHS
9
             v.
10
   KETT TOOL COMPANY, INC., et al.,                   ORDER DENYING
11                                                    DEFENDANTS' MOTION TO
                        Defendants.                   DISMISS AND/OR TRANSFER
12
13

14        This matter comes before the Court on the motion of Defendants Kett Tool

15   Company, Inc. ("Kett") and Elizabeth Tu Hoffman, as executor for the estate of H. Rowe

16   Hoffman ("the Estate") (collectively "Defendants") to dismiss or transfer (Dkt. 132).  The

17   Court has considered the pleadings filed in support of and in opposition to the motion and

18   the remainder of the file and hereby denies the motion for the reasons stated herein.

19            **I. PROCEDURAL AND FACTUAL BACKGROUND**

20        The instant action was filed on June 29, 2006.  Dkt. 1.  This is a patent case arising

21   under federal patent law.  *See generally* Dkt. 63.  This Court has original subject matter

22   jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction)

23   and 1338(a) (an Act of Congress governing patent cases).  Plaintiff Pactool International

24   Ltd.'s ("PacTool") amended complaint alleges that Defendants have been and are

25   infringing – directly, contributorily and/or by inducement – technology contained in

26   patents owned by PacTool by manufacturing, using, selling and/or offering for sale

27   products that infringe such technology.  Dkt. 63 at 3-6.  The products at issue contain

28

fiber-cement cutting technology that PacTool maintains is protected by its patents. *Id.* at 2.

In December of 2007, Kett requested reexamination of the patents-in-suit in the United States Patent and Trademark Office. *See* Dkt. 30.  On February 1, 2008, the Court granted Kett's request for a stay of this litigation until the reexamination procedures were completed.  Dkt. 39.  The reexamination proceedings were terminated in December of 2009 and the stay was terminated on December 18, 2009. *See* Dkt. 48.  On April 1, 2010, the Court granted PacTool's motion to amend its complaint to add H. Rowe Hoffman ("Mr. Hoffman") as a defendant.  Dkt. 61.

On April 26, 2010, Defendants filed their motion requesting that the Court dismiss or transfer this action for improper venue, or in the alternative, transfer this action to the Southern District of Ohio pursuant to 28 U.S.C. § 1404.  Dkt. 75.  Further, Mr. Hoffman requested that the Court dismiss or transfer the causes of action against him for lack of personal jurisdiction and/or for failure to state a claim upon which relief can be granted. *Id.*  On July 7, 2010, the Court issued an order granting in part and denying in part Kett and Mr. Hoffman's motion and transferred the case to the Southern District of Ohio.  Dkt. 93.  On July 8, 2010, Kett filed a statement noting the death of Mr. Hoffman.  Dkt. 94. On July 14, 2010, PacTool filed a motion for reconsideration of the Court's order regarding transfer.  Dkt. 96.  On August 25, 2010, the Court granted PacTool's motion and reopened the case.  Dkt. 103.  On December 6, 2010, the Court granted Defendants' motion to substitute Mrs. Hoffman as executor for Mr. Hoffman's estate, for Mr. Hoffman.  Dkt. 121.

On December 20, 2010, Defendants filed their motion to dismiss or transfer in which the Estate requests that the Court dismiss or transfer the causes of action against it for lack of personal jurisdiction.  Dkt. 132.  In addition, Defendants request that the Court dismiss the causes of action against the Estate for improper venue or sever and transfer the causes of action against the Estate, or, in the alternative, transfer the entire action to

the Southern District of Ohio under 28 U.S.C. § 1406.  *Id.*  On January 10, 2011, PacTool

filed its response (Dkt. 137) and on January 14, 2011, Defendants replied (Dkt. 141).

## II. DISCUSSION

**A.    Motion to Dismiss for Lack of Personal Jurisdiction**

### 1.    Personal Jurisdiction Framework

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may

bring a motion to dismiss for lack of personal jurisdiction.  The plaintiff then bears the

burden of proving such jurisdiction. *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788

F.2d 535, 538 (9th Cir. 1986). When the district court rules on the motion based on

affidavits and discovery materials without an evidentiary hearing, the plaintiff need only

make a prima facie showing of personal jurisdiction. *See Ochoa v. J.B. Martin & Sons

Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002). "In determining whether [a plaintiff]

[has] met this prima facie burden, uncontroverted allegations in [his] complaint must be

taken as true, and 'conflicts between the facts contained in the parties' affidavits must be

resolved in [his] favor . . . .'" *Id.* (quoting *Am. Tel. & Tel. Co. v. Compagnie Bruxelles

Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (brackets in original)). "Additionally, any

evidentiary materials submitted on the motion 'are construed in the light most favorable

to the plaintiff and all doubts are resolved in [his] favor.'" *Id.* (quoting *Metro. Life Ins.

Co. v. Neaves*, 912 F.2d 1062, 1064 n. 1 (9th Cir. 1990) (citation and internal quotation

marks omitted; brackets in original)).

"Determining whether specific personal jurisdiction over a nonresident defendant

is proper entails two inquiries: whether a forum state's long-arm statute permits service of

process, and whether the assertion of jurisdiction would be inconsistent with due

process." *Electronics For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

Washington's long-arm statute extends the court's personal jurisdiction to the broadest

reach that the United States Constitution permits. *Byron Nelson Co. v. Orchard

Management Corp.*, 95 Wn. App. 462, 465 (1999).  Because Washington's long-arm

jurisdictional statute is coextensive with federal due process requirements, the

1    jurisdictional analyses under state law and federal due process are the same.

2    *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004);

3    *Electronics For Imaging, Inc.*, 340 F.3d at 1350.  "For a court to exercise personal

4    jurisdiction over a nonresident defendant, that defendant must have at least 'minimum

5    contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend

6    traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801

7    (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation

8    marks and citation omitted)).  There are two types of personal jurisdiction: general and

9    specific.  *See Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986).  Here,

10   PacTool asserts that this Court has specific jurisdiction over the Estate.  *See* Dkt. 137 at

11   16-17.

12       In determining whether specific jurisdiction over an out-of-state defendant

13   comports with due process in a patent case, the Court looks to whether: "(1) the defendant

14   purposefully directed its activities at residents of the forum state, (2) the claim arises out

15   of or relates to the defendant's activities with the forum state, and (3) assertion of personal

16   jurisdiction is reasonable and fair."  *Electronics For Imaging*, 340 F.3d at 1350.

17       **2.    Purposeful Direction of Activities**

18       PacTool contends that this Court has personal jurisdiction over the Estate because

19   Mr. Hoffman purposefully directed his activities at residents of Washington.  Dkt. 137 at

20   16-24.  PacTool supports this contention in alleging that Mr. Hoffman was the ultimate

21   decision-maker for Kett, that he induced infringement by authorizing the manufacture of

22   the accused devices and by authorizing the sale of those devices into Washington.  Dkt.

23   137 at 22.  PacTool maintains that this inducement of infringement was purposeful in that

24   Mr. Hoffman knew of PacTool's patents-in-suit, knew that the accused devices

25   incorporated the same blades as PacTool's patented products, and allowed Kett to

26   manufacture the accused devices and sell them in Washington.  *Id.*  PacTool then

27   concludes:

28

ORDER - 4

> By knowingly authorizing these infringing sales to Washington dealers, Mr. Hoffman purposefully directed his activities and the activities of Kett into this jurisdiction, thus making the possibility that Mr. Hoffman would be summoned for judgment into this forum sufficiently foreseeable for this Court to exercise specific jurisdiction.

*Id.* (citing *Beverly Hills Fan v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (1994)).   In support of its position, PacTool also cites to the case of *Ideal Instruments, Inc. v. Rivard Instruments*, 434 F. Supp. 2d 598, 613-15 (N.D. Iowa 2006), in which the district court found that Mr. Rivard, a corporate officer accused of inducement of infringement, had individually, purposefully directed activities towards the forum state such that the first factor was satisfied in its personal jurisdiction inquiry. Dkt. 137 at 20.  PacTool argues that Mr. Hoffman, like Mr. Rivard, induced the sale and shipment of infringing products into the forum state.  *Id.* at 20, 22-23.   In addition, PacTool alleges that Mr. Hoffman, being aware of PacTool's patents, continued selling infringing products in Washington, PacTool's home forum, and thus should reasonably have anticipated being brought into court in Washington.  *Id.* at 23.  PacTool concludes that it has shown that Mr. Hoffman purposefully directed his activities to Washington such that the first element of personal jurisdiction is satisfied.  *Id.* at 20, 22-23.

Defendants argue that Mr. Hoffman did not purposefully direct any activities specifically to Washington.  Defendants state that the court in *Ideal Instruments*, when deciding the personal jurisdiction issue, considered the allegations that Mr. Rivard "(1) made trips to Iowa related to the relevant industry, (2) personally maintained contacts with customers and his company's distributor in Iowa, and (3) purposefully availed himself of opportunities in Iowa's livestock market."  Dkt. 141 at 8.  Defendants maintain that, unlike Mr. Rivard, Mr. Hoffman did not "(1) travel to Washington, (2) personally maintain contacts with Kett's customers or distributor in Washington, or (3) purposefully avail himself of opportunities in Washington's tool industry."  *Id.*

The Court concludes that, taking PacTool's allegations as true, PacTool has satisfied its burden of showing that Mr. Hoffman purposefully directed his activities to Washington.  According to the deposition testimony of Kett's former and current

presidents and Mr. Hoffman himself, Mr. Hoffman was in charge of developing the accused devices, of making final decisions regarding the marketing and sales of the accused devices, as well as making decisions regarding business plans for the future. *See* Dkts. 137-6 at 3; 137-3 at 7, 137-4 at 10-11, 137-5 at 6-8, 137-6 at 3. Mr. Hoffman also specifically testified that he knew of PacTool's patents on at least one of the accused devices which Kett continued selling. *See* Dkt. 137-5 at 6. Although PacTool has not introduced evidence that Mr. Hoffman visited Washington or necessarily solicited individual dealers, as Mr. Rivard did in *Ideal Instruments*, PacTool has alleged sufficient involvement and authority on Mr. Hoffman's part in making decisions as to what products and what dealers Kett would sell to. Therefore, the ultimate decision for Kett to sell its products to and through Amazon.com[1], as well as other Washington-based dealers, was either made by, or at least approved by, Mr. Hoffman. In addition to Mr. Hoffman's ultimate decision-making authority with respect to all aspects of Kett's business, the Court also takes into account Kett's knowledge that PacTool had patents on the devices he was allowing to be sold into PacTool's home forum. Kett had a business relationship with PacTool in which Kett had manufactured products for PacTool. *See* Dkt. 137-5 at 3-5. Accordingly, the Court concludes that it was sufficiently foreseeable to Mr. Hoffman that he may be brought into court in Washington based on his decision to continue selling Kett's products that incorporate PacTool's patents in PacTool's home forum. Therefore, the Court concludes that PacTool has satisfied its burden of showing that Mr. Hoffman purposefully directed his activities to Washington.

### 3.    Claims Arise out of or Relate to Contacts with the Forum

PacTool maintains that its claim against the Estate, for inducement of infringement under § 271(b), arises out of Mr. Hoffman's contacts with Washington. Dkt. 137 at 23.

---

[1] Although the parties do not specifically state what percentage of Kett's sales were made through Amazon.com, the deposition testimony of Kathy Conlon, Kett's current president, indicates that such sales were a greater percentage of the total sales when all products sold through Amazon.com were shipped to Washington. *See* Dkts.137-4 at 7 and 137-7 at 2-3.

1    The Estate does not specifically address this element except for the statement made in the

2    motion that any inducement of infringement by Mr. Hoffman occurred in Ohio.  Dkt. 132

3    at 5.  However, the injury resulting from patent infringement takes place where the sales

4    of the infringing products occur.  *See Commissariat a L'Energie Atomique v. Chi Mei*

5    *Optoelectronics Corp.*, 395 F.3d 1315, 1318 (Fed. Cir. 2005); *Beverly Hills Fan Co.*, 21

6    F.3d at 1571.  Thus, any additional tortious injury underlying the patent infringement also

7    occurs in the forum where the sales of the infringing products took place.  *See Ideal*

8    *Instruments*, 434 F. Supp. 2d at 615.  Here, the sales of infringing products that PacTool

9    complains of occurred in Washington and thus, Mr. Hoffman's alleged inducement of

10   such infringing sales also took place in Washington.  Therefore, the Court concludes that

11   PacTool's claim against the Estate arises out of Mr. Hoffman's contacts with Washington

12   and that PacTool has met its burden in establishing the second element for purposes of

13   personal jurisdiction.

14          **4.      Assertion of Personal Jurisdiction is Reasonable and Fair**

15          Because PacTool has satisfied the first two elements in establishing that personal

16   jurisdiction over the Estate is proper, the burden shifts to the Estate to present a

17   compelling case why the exercise of personal jurisdiction over it is not reasonable and

18   fair.  *See Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360, (Fed. Cir. 2001); *Burger King*

19   *Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).  In addressing this issue,

20          the Supreme Court has stated that the inquiry would depend on an
            evaluation of several factors: (1) the burden on the defendant, (2) the
21          interests of the forum State, (3) the plaintiff's interest in obtaining relief, (4)
            the interstate judicial system's interest in obtaining the most efficient
22          resolution of controversies, and (5) the shared interest of the several States
            in furthering fundamental substantive social policies.
23
     *Inamed Corp.*, 249 F.3d at 1363 (citing *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480
24
     U.S. 102, 113 (1987).
25
            As stated above, the burden falls on the Estate to make a compelling case to the
26
     Court why its exercise of jurisdiction over it is not reasonable and fair.  In attempting to
27
     meet this burden, the Estate's entire argument is as follows:
28

ORDER - 7

Here, it is undisputed that PacTool could obtain effective relief by way of adjudication by the United States District Court for the Southern District of Ohio.  Additionally, a reasonableness analysis looks to the burden on the defendant.  Here, not only had Mr. Hoffman never owned any property in the State of Washington, had never had an office or a place of business in the State of Washington, and, since 1999, Mr. Hoffman had never traveled to the State of Washington, but the Court would now be forcing his grieving widow to travel across the country to [defend] her husband's estate in this action in a state where no defendants reside making it all the more burdensome to litigate.  Also, because none of the allegedly infringing activity occurred in the State of Washington, there is little interest in a court in this state adjudicating this dispute.

Dkt. 132 at 7.

In considering the factors laid out by the Federal Circuit in *Inamed Corp.*, the Court finds that a majority of them weigh in favor of exercising jurisdiction.  Although the Estate contends that none of the allegedly infringing activity occurred in Washington, as the Court discussed above, the injury resulting from patent infringement, as well as inducement of such infringement, occurs where the infringing sales take place which, in this case, was in Washington.  Accordingly, Washington has an interest in adjudicating this controversy in this state.  In addition, PacTool has an interest in obtaining relief here because it chose this forum to file this action and resides here.  Further, the judicial system's interest in obtaining efficient relief weighs in favor of this Court exercising jurisdiction because PacTool's claims against Kett will be decided here and it will be most efficient to decide the claims against the Estate in the same action.  Although the Court recognizes the burden adjudicating this action will place on the Estate, the Court also concludes that the Estate has failed to meet its burden in establishing that the Court's exercise of jurisdiction over it is not fair and reasonable.

Therefore, for the reasons discussed above, the Court concludes that the Estate's motion to dismiss for lack of personal jurisdiction is denied.

**B.    Motion to Dismiss for Improper Venue**

For purposes of deciding whether venue is proper, a court accepts as true the facts alleged in a well-pleaded complaint.  *See Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1410 (Fed. Cir. 1996).  When an action is brought in federal court

ORDER - 8

involving patent law, the "action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). However, the residence of corporate defendants for purposes of venue in patent actions is governed by 28 U.S.C. § 1391(c), which states that a "corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Id*. "However, venue as to corporate employees charged with personal liability for acts taken as individuals, not as the alter ego of the corporation, does not flow automatically to forums in which venue is proper as to the corporation." *Hoover*, 84 F.3d at 1410.

Here, Defendants argue that venue for PacTool's claims against the Estate is improper in this Court because PacTool has failed to show that Mr. Hoffman was the alter ego of Kett and that, therefore, venue for the Estate cannot be based on venue for Kett. Dkt. 132 at 10-11 & 141 at 11-13. In its amended complaint, PacTool alleges claims against Kett for patent infringement in violation of 35 U.S.C. § 271(a), and against the Estate for Mr. Hoffman's inducement of patent infringement in violation of § 271(b). Dkt. 63. Section 271 states:

> (a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.
> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

PacTool argues that because it alleges claims against the Estate under § 271(b), if venue for the direct infringer, Kett, is met, then venue for the inducer, Mr. Hoffman, is also met where, as here, it is alleged that Mr. Hoffman directed the infringement and has personal culpability. Dkt. 137 at 12. Both parties cite to the Federal Circuit's opinion in *Hoover* to support their respective positions.

The Federal Circuit's explanation of venue issues in cases involving corporate and individual defendants in *Hoover* is instructive:

Venue requirements exist for the benefit of defendants. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1576 (Fed. Cir. 1990). When the cause of action is personal to the individual defendant, the venue requirement must be met as to that defendant. 1A(2) J. Moore et al., Moore's Federal Practice ¶ 0.340 (2d ed.1995).  In comparison, venue for personal liability of a corporate officer/owner for acts of infringement by the corporation, whether or not the facts support piercing the corporate veil, may reasonably be based on the venue provisions for the corporation, 28 U.S.C. §§ 1400(b) and 1391(c). *See Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1265 (Fed.Cir.1985) ("The precedents establish that a court which has jurisdiction over a corporation has jurisdiction over its alter egos.").

* * *

In *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 552 (Fed. Cir. 1990), the court stated that "to be personally liable for Paramount's infringement under section 271(a), there must be evidence to justify piercing the corporate veil."

* * *

[In this case, the] district court also relied on 35 U.S.C. § 271(b), which provides that "whoever actively induces infringement of a patent shall be liable as an infringer," and on this court's ruling that for a corporate officer to be personally liable for inducing infringement, it is not necessary that the corporate veil be pierced. *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1578-79 (Fed.Cir.1986). However, the officer must act culpably in that the officer must actively and knowingly assist with the corporation's infringement. *Water Technologies Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed.Cir.1988) (the officer must have possessed specific intent to "aid and abet" infringement).  It is an insufficient basis for personal liability that the officer had knowledge of the acts alleged to constitute infringement. *Manville Sales*, 917 F.2d at 553; Hewlett-Packard Co. v. Bausch & Lomb Inc., 909 F.2d 1464, 1468-69 (Fed.Cir.1990).

In sum, unless the corporate structure is a sham, as is not here asserted, personal liability for inducement to infringe is not automatic but must be supported by personal culpability.

84 F.3d at 1411-12.

In its amended complaint, PacTool alleges that Mr. Hoffman was chairman, at least part owner, and an employee of Kett.  Dkt. 63 at 2.  In addition, PacTool asserts that Mr. Hoffman had "ultimate decision making authority for, and control over, Kett's marketing, design, manufacture, sales, and offers for sale" of Kett products "including the products accused of infringement in this case." *Id.*  Finally, PacTool alleges that, based on these and other facts, Mr. Hoffman is liable for inducement of infringement. *Id.* at 5-6. PacTool maintains that, like Mr. Holden, the individual defendant in *Hoover*, Mr. Hoffman's ownership, control and active management of Kett provide a sufficient basis

1    for finding that venue is proper in this Court under §§ 1400(b) and 1391(c).  Dkt. 137 at

2    13.

3          Kett argues that PacTool misapplies the Federal Circuit's opinion in *Hoover* and

4    maintains that, under *Hoover*, PacTool must show that Mr. Hoffman was the alter ego of

5    Kett in order to impute Kett's residence to Mr. Hoffman for purposes of venue under

6    § 1391(c).  Dkt. 141 at 11-13.  In its reply, Kett states that "[notably PacTool does not –

7    likely because it cannot – draw the Court's attention to a single post-*Hoover* district court

8    opinion applying *Hoover* in accordance with PacTool's understanding."  *Id.* at 13.

9    However, in reviewing the district court cases cited by Kett in support of its position that

10   Kett's residence can only be imputed to Mr. Hoffman if he is shown to be the alter ego of

11   Kett, the Court finds that the only decision cited from this district may support PacTool's

12   understanding of *Hoover.  See Timeline, Inc. v. Proclarity, Corp.*, 2006 WL 2038255

13   (W.D. Wash., July 20, 2006) (Robart, J.).

14         In *Timeline*, the court explained the Federal Circuit's discussion of venue in

15   *Hoover*, stating that:

16         *Hoover's* venue analysis was based on allegations of ownership, control,
           and active management that were significantly more compelling than those
17         alleged by Timeline in this case. In *Hoover*, a single individual allegedly
           made "all major decisions" regarding the business involved in the lawsuit
18         and served as the company's president, chief executive officer, and
           principal shareholder.  In light of those allegations, the court essentially
19         held that the residence of the corporation could be imputed to the officer for
           venue purposes.

20   2006 WL at *6.  The court then went on to analyze the venue issues in the case before it:

21
22         By contrast, Timeline is bringing claims against eleven individuals
           who currently or formerly served on ProClarity's board of directors, not
           against a single individual who allegedly dominated and made all major
23         decisions for the company. Furthermore, [the first amended complaint]
           provides no allegations regarding the individual Directors' ownership or
24         control of the corporation, nor does it make allegations suggesting that the
           corporation may be regarded as the alter ego of any of the individual
25         Directors. As a result, the court finds that the FAC does not contain
           sufficient allegations regarding each Directors' ownership, control, and
26         management of the company to warrant a finding that venue is proper in
           this district as to each Director.

27

28

*Id.* Although the court mentions that the plaintiff does not allege that the corporation was the alter ego of the individual defendants, it also relies on the fact that the complaint did not contain sufficient allegations regarding the individuals' control, ownership, or management of the corporation. *See id.* The Court concludes that the language in *Hoover* indicates that the residence of a corporation for purposes of venue may be imputed to an individual defendant accused of inducing infringement under § 271(b), if it can be shown that the individual defendant exercised significant ownership, control and active management over the corporation concerning the infringement involved in the lawsuit.

Here, PacTool has pled that, at the time the inducement of infringement occurred, Mr. Hoffman was the ultimate decision-maker for Kett, including decisions regarding the infringing activities, and actively managed and controlled the corporation. Taking PacTool's allegations as true (*see Hoover*, 84 F.3d at 1410), the Court concludes that PacTool has shown that Mr. Hoffman exercised significant ownership, control, and active management over Kett at the time the inducement of infringement allegedly occurred. Therefore, the Court concludes that venue is proper as to Mr. Hoffman under §§ 1400(b) and 1391(c).

**C.    28 U.S.C. § 1406**

Defendants' motion, in the alternative to dismissal, seeks relief in the form of transferring the entire action to the Southern District of Ohio pursuant to 28 U.S.C. § 1406. Section 1406 states that a district court may transfer a case to any district in which it could have been brought in the interest of justice. Because the Court has concluded that it has personal jurisdiction over the Estate and that venue is proper in this Court, it declines to exercise its discretion to transfer the action to the Southern District of Ohio under § 1406. PacTool's claims against Kett have been pending in this Court since 2006 and this Court has already decided multiple dispositive motions in this action. Accordingly, the Court concludes that transferring this action would not be in the interest of justice.

ORDER - 12

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss and/or transfer (Dkt. 132) is **DENIED**.

DATED this 3rd day of March, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge