UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PACTOOL INTERNATIONAL LTD.,<br><br>        Plaintiff,<br><br>   v.<br><br>KETT TOOL COMPANY, INC., et al.,<br><br>        Defendants. | CASE NO. C06-5367BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART KETT'S MOTION FOR RECONSIDERATION AND DENYING KETT'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD |

     This matter comes before the Court on Defendant Kett Tool Company Inc.'s ("Kett") motion for reconsideration (Dkt. 160) and motion for leave to supplement the record (Dkt. 204). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for reconsideration and denies the motion for leave to supplement the record for the reasons stated herein.

## I. PROCEDURAL HISTORY

     On June 29, 2006, Plaintiff PacTool International Ltd. ("PacTool") filed a complaint against Kett alleging patent infringement. Dkt. 1.

     On December 20, 2007, Kett filed a motion to stay proceedings. Dkt. 30. On January 11, 2008, Kett submitted a letter in support of its motion to stay the proceedings.

ORDER - 1

Dkt. 37, Declaration of John Paul Davis, Exh. B ("Letter").  On January 18, 2008, PacTool moved to strike the Letter.  Dkt. 38.  On February 1, 2008, the Court granted the stay and denied PacTool's motion to strike.  Dkt. 39.

On April 8, 2010, PacTool filed a First Amended Complaint ("FAC") against Defendants Kett and H. Rowe Hoffman alleging patent infringement.  Dkt. 63.  On July 6, 2010, Kett informed the Court of the death of Mr. Hoffman.  Dkt. 94.  On July 14, 2010, Kett answered and asserted numerous affirmative defenses, including laches, equitable estoppel, implied license, and waiver.  Dkt. 95.

On October 6, 2010, PacTool filed a Motion for Substitution of Elizabeth Tu Hoffman, Executor for H. Rowe Hoffman.  Dkt. 108.  On October 26, 2010, PacTool served Mrs. Hoffman ("Hoffman").  Dkt. 116.  On December 6, 2010, the Court granted PacTool's motion to substitute.  Dkt. 121.

On December 7, 2010, PacTool filed a Motion for Summary Judgment as to Certain Affirmative Defenses.  Dkt. 123.  On December 27, 2010, Kett responded and failed to submit any admissible evidence in support of its positions.  Dkt. 133.  On December 31, 2010, PacTool replied.  Dkt. 134.

On December 20, 2010, Kett and Hoffman ("Defendants") filed a Motion to Dismiss or Transfer.  Dkt. 132.

On January 31, 2011, the Court granted PacTool's motion for summary judgment because Kett "failed to present evidence of any kind in support of its defenses."  Dkt. 149 at 5.  The Court also held that the order applied to the affirmative defenses of both Kett and Hoffman because Hoffman's estate was "simply substituted in place of [Mr.] Hoffman following his death.  *Id*. at 5.

On February 14, 2011, Kett filed a motion for reconsideration and submitted documents in support of its position.  Dkt. 160.  On March 8, 2011, the Court requested a response from PacTool and set a briefing schedule.  Dkt. 174.  On March 21, 2011,

PacTool responded. Dkt. 193. On March 25, 2011, Kett replied and submitted additional documents in support of its position. Dkt. 198. On March 29, 2011, PacTool filed a surreply. Dkt. 202.

On March 31, 2011, Kett filed a motion for leave to file a sur-surreply. Dkt. 204. On April 11, 2011, PacTool responded. Dkt. 208. On April 15, 2011, Kett replied. Dkt. 212. Kett did not file a surreply.

On March 3, 2011, the Court denied Defendants' motion to dismiss. Dkt. 165. On March 21, 2011, Hoffman answered the FAC and asserted numerous affirmative defenses, including laches, equitable estoppel, implied license, and waiver. Dkt. 192. On March 28, 2011, the Court received notice from the United States Court of Appeals for the Federal Circuit that Hoffman had filed a Writ of Mandamus. Dkt. 200.

## II. DISCUSSION

### A.  Sur-Surreply

"No response [to a surreply] shall be filed unless requested by the court." Local Civil Rule 7(g)(4). The Court did not request a response. Therefore, Kett's motion for leave to file a sur-surreply is denied.

### B.  Reconsideration

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

#### 1.  Hoffman

In this case, the Court granted summary judgment on affirmative defenses that Hoffman may have, and eventually did (Dkt. 192), assert. Dkt. 149 at 3. PacTool argued

ORDER - 3

that the Court should preclude Hoffman as well as Kett from asserting certain defenses because Hoffman would not be presenting any evidence that Kett would not be presenting. Dkt. 123 at 1-2. The Court finds that its ruling as to Hoffman was premature because, at the time of the ruling, Hoffman had neither answered the FAC nor had participated in discovery. Moreover, no attorney had appeared on behalf of Hoffman.

Therefore, the Court vacates its previous order as to Hoffman and denies without prejudice PacTool's motion for summary judgment against this Defendant.

**2.    Kett**

In this case, Kett argues that the evidence it relied upon in support of its opposition was already part of the record. Dkt. 160 at 5-7. The Court agrees with Kett. The Court finds, however, that the Letter only creates material questions of fact with regard to Kett's affirmative defenses of laches and equitable estoppel. The defense of waiver requires intent and the defense of implied license requires an affirmative grant of consent or permission. *See* Dkt. 134 at 12-16 (citing cases). Therefore, the Court grants Kett's motion for reconsideration in part, vacates its previous order in part, and denies PacTool's motion for summary judgment in part on the affirmative defenses of laches and equitable estoppel.

### III. ORDER

Therefore, it is hereby **ORDERED** that Kett's motion for leave to file a sur-surreply (Dkt. 204) is **DENIED** and Kett's motion for reconsideration (Dkt.133) is **GRANTED in part** and **DENIED in part** as follows:

1.    The Court **VACATES** its previous order (Dkt. 149) as to Hoffman and **DENIES without prejudice** PacTool's motion for summary judgment (Dkt. 123) as to Hoffman;

2. The Court **VACATES** its previous order (Dkt. 149) as to Kett's defenses of laches and equitable estoppel and **DENIES** PacTool's motion for summary judgment (Dkt. 123) as to these defenses;

3. The Court **DENIES** the remainder of the motion.

DATED this 31st day of May, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 5