UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PACTOOL INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> KETT TOOL COMPANY, INC., et al., <br><br> Defendants. | CASE NO. C06-5367BHS <br><br> ORDER ON PACTOOL'S MOTION FOR RECONSIDERATION, KETT'S MOTION FOR RECONSIDERATION, AND KETT'S MOTION TO FILE SUR-SURREPLY |

This matter comes before the Court on Plaintiff PacTool International Ltd.'s ("PacTool") motion for reconsideration (Dkt. 156), Defendant Kett Tool Company, Inc.'s ("Kett"), motion for reconsideration (Dkt.157) and Kett's motion to file sur-surreply (Dkt. 180). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby grants in part and denies in part PacTool's motion for reconsideration, denies Kett's motion for reconsideration, and denies Kett's motion to file sur-surreply for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On June 29, 2006, PacTool filed a complaint against Kett alleging patent infringement. Dkt. 1. On April 8, 2010, PacTool filed a First Amended Complaint ("FAC") against Defendants Kett and H. Rowe Hoffman alleging patent infringement.

ORDER - 1

Dkt. 63. On July 14, 2010, Kett answered and asserted numerous affirmative defenses, including invalidity of the patents and Pactool's inability to enforce the patents. Dkt. 95.

On March 25, 2010, Pactool filed a motion for partial summary judgment of literal infringement. Dkt. 58. On April 12, 2010, Kett replied. Dkt. 66. On April 16, 2010, Pactool replied. Dkt. 71. On January 31, 2011, the Court granted in part and denied in part PacTool's motion. Dkt. 148.

On February 14, 2011, both parties filed motions for reconsideration. Dkts. 156 (PacTool) & 157 (Kett). On February 17, 2011, the Court requested responses. Dkt. 163. On March 3, 2011, both parties responded. Dkts. 167 (PacTool) & 169 (Kett). On March 8, 2011, both parties replied. Dkts. 177 (Pactool) & 175 (Kett). On March 9, 2011, PacTool filed a surreply requesting that the Court strike documents submitted with Kett's reply. Dkt. 179.

On March 10, 2011, Kett filed a motion for leave to file a sur-surreply. Dkt. 180. On March 18, 2011, PacTool responded. Dkt. 187. On March 25, 2011, Kett replied. Dkt. 199.

## II.  DISCUSSION

**A.     Sur-Surreply**

"No response [to a surreply] shall be filed unless requested by the court." Local Civil Rule 7(g)(4). The Court did not request a response. Therefore, Kett's motion for leave to file a sur-surreply is denied.

**B.     Reconsideration**

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In its previous order, the Court concluded that (1) there were questions of fact on the issue of whether Kett's devices literally infringed Claim 16 of the '303 patent and Claims 10 and 19 of the '998 patent; and (2) Kett's devices as depicted in Bates KETT03295 and KETT0331-32 (Dkt. 59-3 at 46, 48-49) literally infringed Claims 10 and 19 of the '998 patent. *See* Dkt. 148. PacTool moves for reconsideration on the former and requests a finding that the "KC-193 product is representative of all first design tools." Dkt. 156 at 2. Kett moves for reconsideration on the Court's finding of literal infringement. Dkt. 157 at 2.

### 1. PacTool's Motion

First, PacTool seeks an explicit ruling that "the "KC-193 product is representative of all first design tools." Dkt. 156 at 6. The Court stated that there "were two groups of accused devices . . . . The first is represented by Kett Model KC-193." Dkt. 148 at 5. PacTool argues that this was an implicit conclusion that the Kett Model KC-193 was representative of all of Kett's first design tools. Dkt. 156 at 6. In opposition, Kett alleges in conclusory fashion that "the unique KC-193 was simply one of forty allegedly 'accused products.'" Dkt. 169 at 13. It should be noted that many of the Court's decisions have been based on Kett's failure to present evidence in support of its allegations or arguments. As such, the Court repeats itself that conclusory allegations cannot defeat a motion for summary judgment, or reconsideration thereof. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990). Therefore, the Court clarifies its order (Dkt. 148 at 5, ll. 4-5) by stating that the Kett Model KC-193 is representative of all first design tools.

Second, PacTool argues that the declaration of Kett's Alexander Rozumovich does not create a genuine issue of material fact because (1) it conflicts with Kett's 30(b)(6) witness, (2) it is wholly conclusory, and (3) it is irrelevant. While there may be some

ORDER - 3

merit to PacTool's evidentiary objections, PacTool has failed to show that relying on Mr. Rozumovich's declaration was manifest error. Moreover, PacTool may attack the credibility and relevance of Mr. Rozumovich at trial. Therefore, the Court denies PacTool's motion for reconsideration on the issues of literal infringement.

### 2. Kett's Motion

Kett argues that the Court should reconsider its order because (1) determining infringement prior to a claim construction is premature, and (2) two assertions made by PacTool's counsel should not have been considered evidence on the motion for summary judgment. *See* Dkt. 157. First, the Court finds Kett's argument regarding construction to be without merit based on the facts of this case. For example, as PacTool points out (Dkt. 168 at 5-6), Kett has failed to show that a specific construction of any claim involved in the Court's decision would result in non-infringement. Moreover, Kett may file a motion for summary judgment asserting its "affirmative defenses" of invalidity or that the claims are unenforceable. Therefore, Kett has failed to show that the Court's decision was premature.

Second, the majority of Kett's argument attacks the credibility of the attorney's declaration. Kett, however, had sufficient opportunity to submit a single piece of admissible evidence that would have created a question of fact as to the content of the attorney's statement. Because it failed to submit such evidence, Kett failed to meet its burden to submit facts that contradict the facts submitted by PacTool. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim). Therefore, Kett has failed to show that the Court committed manifest error and the Court denies Kett's motion for reconsideration.

ORDER - 4

## III.  ORDER

Therefore, it is hereby **ORDERED** that PacTool's motion for reconsideration (Dkt. 156) is **GRANTED in part** and **DENIED in part**, Kett motion for reconsideration (Dkt. 157) is **DENIED**, and Kett's motion to file sur-surreply (Dkt. 180) is **DENIED**.

DATED this 6th day of June, 2011.

BENJAMIN H. SETTLE
United States District Judge