UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PACTOOL INTERNATIONAL LTD.,

    Plaintiff,

v.

KETT TOOL COMPANY, INC., et al.,

    Defendants.

CASE NO. C06-5367BHS

ORDER DENYING PACTOOL'S MOTION FOR SUMMARY JUDGMENT OF LITERAL INFRINGEMENT

    This matter comes before the Court on Plaintiff PacTool International Ltd.'s ("PacTool") motion for summary judgment of literal infringement (Dkt. 243). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

    On June 29, 2006, PacTool filed a complaint against Kett alleging patent infringement. Dkt. 1. On April 8, 2010, PacTool filed a First Amended Complaint ("FAC") against Defendants Kett and H. Rowe Hoffman alleging patent infringement. Dkt. 63.

    On March 25, 2010, Pactool filed a motion for partial summary judgment of literal infringement. Dkt. 58. On April 12, 2010, Kett replied. Dkt. 66. On April 16, 2010, Pactool replied. Dkt. 71. On January 31, 2011, the Court granted in part and denied in part PacTool's motion. Dkt. 148.

ORDER - 1

On September 13, 2011, Pactool filed another motion for summary judgment of literal infringement. Dkt. 243. On October 3, 2011, Kett responded. Dkt. 249. On October 7, 2011, Pactool replied. Dkt. 253.

## II. DISCUSSION

**A.     Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The

ORDER - 2

nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson,* 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Pactool's Motion**

To establish literal infringement, a patentee must show by the preponderance of the evidence that the accused device contains each limitation of an asserted claim. *Amgen Inc. v. F. Hoffman-La Roche Ltd.*, 580 F.3d 1340, 1374 (Fed. Cir. 2009).

In this case, Pactool moves for entry of summary judgment on literal infringement because it argues that there are no questions of material fact as to whether Kett's first design tools meet every limitation of the Pactool's asserted claims. Dkt. 243 at 9. Kett contends that there are numerous questions of material fact that preclude entry of summary judgment, including whether Kett's tools contain limitations that are defined by words of degree. *See* Dkt. 249 at 8-12. As more fully discussed in the Claim Construction Order, words of degree require an objective standard for measuring that particular degree. With regard to the instant motion, Pactool has failed to meet either element for entry of summary judgment.

First, Pactool has failed to show that it is entitled to judgment as a matter of law. There is no evidence in the record regarding either the failure rate of the prior art or objective evidence of a clean or even edge cut. Without providing evidence on these elements of their claims of infringement, Pactool has failed to meet its initial burden of proving that Kett's devices either provide clean edge cuts or inhibit premature failure or wear.

Second, Pactool has failed to show an absence of material questions of fact as to every element of their infringement claims. Even if Pactool had submitted objective data or opinion as to the words of degree limitations, Pactool has failed to submit evidence that Kett's tools contain the disclosed functional limitations. Pactool, however, argues that evidence is not necessary because the functional limitations are inherently shown if Pactool shows that Kett's tools include the structural limitations. This argument is not only unsupported by binding patent and summary judgment case law, but also ignores pertinent questions of material fact. For example, there exist questions of fact regarding the motors that Kett actually uses, or used, and whether those motors experienced premature wear or failure without the spacings disclosed in the patents. Kett is the only party to submit any evidence on these issues and the evidence shows that it is difficult to (1) obtain an objective standard and (2) determine whether a tool fails to experience premature wear or failure. *See* Dkt. 191, Declaration of Nicholas C. Tarkany.

With regard to the clean or smooth edge cut limitation, Pactool has provided at least some evidence that Kett's tools read on this limitation. *See* Dkt. 172-1, Exhs. 1-7 (Kett's marketing literature). This evidence, however, does not overcome Pactool's other failures on the instant motion.

### III.  ORDER

Therefore, it is hereby **ORDERED** that PacTool's motion for summary judgment of literal infringement (Dkt. 243) is **DENIED**.

DATED this 28th day of October, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4