UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PACTOOL INTERNATIONAL LTD.,

    Plaintiff,

v.

KETT TOOL COMPANY, INC., et al.,

    Defendants.

CASE NO. C06-5367BHS

ORDER DENYING PACTOOL'S MOTION FOR SUMMARY JUDGMENT AS TO CERTAIN OF DEFENDANTS' AFFIRMATIVE DEFENSES

This matter comes before the Court on Plaintiff PacTool International Ltd.'s ("PacTool") motion for summary judgment as to certain of Defendants' affirmative defenses (Dkt. 244). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On June 29, 2006, PacTool filed a complaint against Defendant Kett Tool Company, Inc. ("Kett"), alleging patent infringement. Dkt. 1. On April 8, 2010, PacTool filed a First Amended Complaint ("FAC") against Defendants Kett and H. Rowe Hoffman alleging patent infringement. Dkt. 63.

On July 14, 2010, Kett answered the FAC and asserted ten affirmative defenses. Dkt. 95. On December 6, 2010, Elizabeth Tu Hoffman, as Executor of the Estate of H. Rowe Hoffman, ("Estate") was substituted for H. Rowe Hoffman. Dkt. 121. On March

ORDER - 1

21, 2011, the Estate answered the FAC and asserted twelve affirmative defenses. Dkt. 192.

On September 13, 2011, Pactool filed a motion for summary judgment as to certain of Defendants' affirmative defenses. Dkt. 244. On October 3, 2011, both defendants responded. Dkts. 248 (Estate) & 251 (Kett). On October 7, 2011, Pactool replied. Dkt. 254.

## II. DISCUSSION

**A.     Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial -, e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

ORDER - 2

U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson,* 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Pactool's Motion**

Pactool moves for summary judgment on both Defendants' affirmative defense of invalidity and the Estate's affirmative defenses of failure to state a claim, waiver, unclean hands, and implied license. Dkt. 244 at 3-4.

**1.     Invalidity**

A patent may be invalid if it is either anticipated or obvious. If "each and every limitation is found either expressly or inherently in a single prior art reference," then the claim is invalid for anticipation. *Sanofi–Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1375 (Fed. Cir. 2006) (internal quotation marks omitted). A patent is invalid for obviousness

> if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

35 U.S.C. § 103(a) (2006).

In this case, Pactool moves for summary judgment on Kett's claim that the patents in suit were anticipated. Dkt. 244 at 5. Pactool cites six prior art references that it claims Kett has identified as "anticipatory" references. *Id.* Kett concedes that its claim for anticipation is based on one prior art reference, which is U.S. Patent No. 5,901,447 issued to Neil Dunning ("Dunning"). Dkt. 254 at 3. Kett argues that the other references

ORDER - 3

support its contention that the patents in suit are obvious in light of these references. *Id*. Therefore, for the purposes of the instant motion, the Court will consider only whether claims in the patents in suit are anticipated in light of Dunning.

Pactool argues that Dunning does not disclose two limitations that are contained in the patents in suit: (1) the guide surfaces being in a common plane, and (2) the disclosed gap distances. Dkt. 254 at 3-8. The Federal Circuit, however, has held that "[a]nticipation is a question of fact, including whether or not an element is inherent in the prior art." *Atlas Powder Co. v. Ireco, Inc.*, 190 F.3d 1342, 1346 (Fed. Cir. 1999). Moreover, "the question whether a claim limitation is inherent in a prior art reference is a factual issue on which evidence may be introduced." *In re Schreiber*, 128 F.3d 1473, 1477 (Fed. Cir. 1997).

Pactool fails to show that these issues are suitable for determinations as a matter of law. The Dunning reference creates material questions of fact regarding whether it anticipates the subject matter, either expressly or inherently, in the patents in suit. Therefore, the Court denies Pactool's motion for summary judgment on Kett's and the Estate's affirmative defense of invalidity due to anticipation.

**2.    12(b)(6)**

The Estate asserts the affirmative defense that at least one of Pactool's causes of action fails to state a claim upon which relief may be granted. Dkt. 192, ¶ 26. Pactool argues that the Court should grant summary judgment on this defense. Dkt. 244 at 7. Pactool first argues that

> [t]he Estate has provided no evidence in support of this defense in response to discovery requests served by PacTool. To the extent this defense is understood by PacTool, it appears to be a Fed. R. Civ. P. 12(b) defense. The Estate has never moved to dismiss as to that defense.

*Id*. (internal citation omitted). Pactool then contradicts its own argument by stating that

the Estate fully briefed the previous motion to dismiss for failure to state a claim and that evidence is irrelevant for the issue of the sufficiency of a complaint. Dkt. 254 at 9-10. The basis for Pactool's motion on this issue is unclear.

The Estate argues that it may file a motion to dismiss for failure to state a claim at any time until trial has concluded. Dkt. 248 at 2-3 (citing Fed. R. Civ. P. 12(h)). The Court agrees. Therefore, the Court denies Pactool's motion for summary judgment on the affirmative defense of failure to state a claim.

### 3. Waiver

The equitable defense of waiver rests on a showing that the patent holder, with full knowledge of the material facts, intentionally relinquished its rights to enforce its patents, or that its conduct was so inconsistent with an intent to enforce its rights as to induce a reasonable belief that such right has been relinquished. *See Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1028 (Fed. Cir. 2008).

In this case, Pactool argues that the defense is frivolous and that the Estate has failed to allege any facts demonstrating that Pactool effectively waived its patent rights. Dkt. 254 at 10. The Estate, however, cites a letter currently in the record that creates a material question of fact whether Pactool's conduct was inconsistent with an intent to enforce its rights. Dkt. 248 at 8 (citing Dkt. 160-2). The Court agrees with the Estate. Therefore, the Court denies Pactool's motion for summary judgment on the Estate's waiver defense.

### 4. Unclean Hands

The Estate asserts the affirmative defenses of unclean hands and inequitable conduct. Pactool moves for summary judgment arguing that (1) the defenses are redundant and (2) "unclean hands, when applied to conduct before the Patent Office, *is* inequitable conduct." Dkt. 254 at 10-11 (citation omitted; emphasis in original). Both of Pactool's arguments are without merit in light of the recent Federal Circuit case

*Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276 (Fed. Cir. 2011). In *Therasense*, the court stated as follows:

> unclean hands cases before the Supreme Court dealt with particularly egregious misconduct, including perjury, the manufacture of false evidence, and the suppression of evidence. Moreover, they all involved deliberately planned and carefully executed schemes to defraud not only the [Patent and Trademark Office ("PTO")] but also the courts. As the inequitable conduct doctrine evolved from these unclean hands cases, it came to embrace a broader scope of misconduct, including not only egregious affirmative acts of misconduct intended to deceive both the PTO and the courts but also the mere nondisclosure of information to the PTO. Inequitable conduct also diverged from the doctrine of unclean hands by adopting a different and more potent remedy—unenforceability of the entire patent rather than mere dismissal of the instant suit.

*Id*. at 1287 (internal citations and quotations omitted).

First, it is clear that unclean hands and inequitable conduct are not redundant defenses as the latter has "diverged" from the former. Second, there is no support for Pactool's proposition that allegations of misconduct in dealings with the PTO may only support the defense of inequitable conduct. For example, failure to disclose perjury to the PTO supports the defense of unclean hands and dismissal of the action. *Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 818-819 (1945).

Therefore, the Court denies Pactool's motion for summary judgment on the Estate's affirmative defense of unclean hands.

**5. Implied License**

"An implied license signifies a patentee's waiver of the statutory right to exclude others from making, using, selling, offering to sell, or importing the patented invention." *Winbond Elecs. Corp. v. ITC*, 262 F.3d 1363, 1374 (Fed. Cir. 2001) (citing *Wang Lab., Inc. v. Mitsubishi Electronics Am., Inc.*, 103 F.3d 1571, 1580 (Fed. Cir. 1997)). The Supreme Court has stated that:

> any language used by the owner of the patent, or any conduct on his part exhibited to another from which that other may properly infer that the

ORDER - 6

> owner consents to his use of the patent in making or using it, or selling it, upon which the other acts, constitutes a license and a defense to an action for a tort.

*De Forest Radio Tel. Co. v. United States*, 273 U.S. 236, 241 (1927).

In this case, the Estate has shown that there exists a material question of fact whether Pactool's conduct and business relationship with Kett and Mr. Hoffman could give rise to an implied license. *See, e.g.,* Dkt. 160-2. Therefore, the Court denies Pactool's motion for summary judgment on the Estate's affirmative defense of implied license.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Pactool's motion for summary judgment as to certain of Defendants' affirmative defenses (Dkt. 244) is **DENIED**.

DATED this 7th day of November, 2011.

BENJAMIN H. SETTLE
United States District Judge