UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PACTOOL INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> KETT TOOL COMPANY, INC., et al., <br><br> Defendants. | CASE NO. C06-5367BHS <br><br> ORDER GRANTING DEFENDANT'S MOTION TO VACATE PREVIOUS ORDER |

This matter comes before the Court on Defendant Kett Tool Company, Inc.'s ("Kett") motion to vacate summary judgment of literal infringement (Dkt. 148). Dkt. 270. The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On June 29, 2006, Plaintiff PacTool International LTD ("Pactool") filed a complaint against Kett, alleging patent infringement. Dkt. 1. On April 8, 2010, PacTool filed a First Amended Complaint ("FAC") against Defendants Kett and H. Rowe Hoffman alleging patent infringement. Dkt. 63. PacTool alleges infringement of two patents: U.S. Patent 5,993,303 (hereinafter "the '303 patent") and U.S. Patent No. 6,250,998 (hereinafter "the '998 patent"). *Id*.

ORDER - 1

On March 25, 2010, Pactool filed a motion for summary judgment of literal infringement. Dkt. 58. On April 12, 2010, Kett responded and relied on various arguments, including that the patents were unenforceable or invalid and that the devices were not used to cut fiber-cement board of certain widths. Dkt. 66.

After numerous motions on other issues, the Court concluded that the summary judgment motion could be considered prior to claim construction and noted the motion for consideration on the Court's December 15, 2010 calendar. Dkt. 129. On January 31, 2011, the Court issued an order granting the motion in part and denying the motion in part. Dkt. 148. Although Kett made the blanket assertion that PacTool "has not eliminated all of the material questions of fact that is required to receive the judgment it seeks," it failed to contest a significant portion of the claim limitations in the patents in suit. *See* Dkt. 66. Moreover, PacTool supplied deposition testimony of a Kett representative asserting "that, with the exception of two elements, all other elements of Claims 10 and 19 of the '998 Patent are infringed by Kett's accused devices. Dkt. 59-3 at 91-92, 94-95." Dkt. 148 at 9. In light of the evidence and argument on record, the Court granted PacTool's motion on two issues, which are as follows:

> based on the evidence presented and Kett's lack of response, the Court concludes that PacTool has established that Kett's accused devices, depicted in Bates KETT03295 and KETT0331-32 (Dkt. 59-3 at 46, 48-49), are representative of all Kett's fiber-cement cutting shears currently sold (Dkts. 59-2 at 1-2, 71 at 12 & 71-2 at 2).
> ***
> the Court concludes that PacTool is entitled to summary judgment of literal infringement of Claims 10 and 19 of the '998 patent by the accused devices as depicted in Bates KETT03295 and KETT0331-32 (Dkt. 59-3 at 46, 48-49).

Dkt. 148 at 5, 9. The Court denied PacTool's motion as to Claim 16 of the '303 patent. *Id.* at 7-8.

On October 27, 2011, the Court issued an order construing the claims of the patents in suit. Dkt. 263. The Court concluded that, although some claim limitations

ORDER - 2

were based on words of degree, the patents provided sufficient information for a person of ordinary skill in the art to determine an objective standard for these limitations. *Id*. at 9-11.

On September 13, 2011, Pactool filed another motion for summary judgment of literal infringement. Dkt. 243. On October 3, 2011, Kett responded and argued that PacTool had failed to meet its burden as to the words of degree limitations. *See* Dkt. 249. The Court agreed, and on October 28, 2011, the Court denied PacTool's motion. Dkt. 265.

On November 3, 2011, Kett filed a motion to vacate the Court's first order granting summary judgment as to literal infringement on Claims 10 and 19 of the '998 patent. Dkt. 270. On November 14, 2011, PacTool responded. Dkt. 286. On November 25, 2011, Kett replied. Dkt. 291.

## II. DISCUSSION

A district court retains the power to revisit prior summary judgment orders before the entry of final judgment. *Exigent Technology, Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1311 (Fed. Cir. 2006).

In this case, Kett requests that the Court revisit and vacate its order granting summary judgment of literal infringement because that order (Dkt. 148) is inconsistent with the subsequent order denying summary judgment of literal infringement (Dkt. 265). Dkt. 270 at 4-6. The Court agrees that the rulings are inconsistent, an issue that PacTool did not address in its response. A finding of inconsistency, however, does not resolve the issue because PacTool correctly points out and vigorously argues that Kett failed to present its arguments as to the words of degree limitations on the earlier motion for summary judgment. *See* Dkt. 286 at 6-9. Thus, the Court must decide whether to hold a party to a previous order based on the party's failure to present arguments or whether to

ORDER - 3

resolve the inconsistency and decide the issue based on the merits of the parties' claims and evidence in support thereof.

The majority of the events and circumstances weight in favor of vacating the previous order and resolving the inconsistency.  For example, the previous order decided a summary judgment motion that was filed before the close of discovery and before the Court construed the disputed claims of the patents in suit.  In light of the subsequent rulings, the elements of PacTool's claims, and PacTool's burdens of proof, it is apparent that the record is devoid of necessary evidence for the entry of summary judgment of literal infringement, namely objective standards that determine the scope of the patents in suit.  It cannot be contested that decisions supported by evidence are preferable to decisions supported by a party's failure to address a certain issue, especially if the party's failure occurs on an early dispositive motion and before patent claims have been construed.   Therefore, the Court vacates the portion of its previous order that granted summary judgment of literal infringement (Dkt. 148) and denies PacTool's motion (Dkt. 58) on this issue.

The Court is mindful that PacTool may suffer some prejudice from this decision.  PacTool, however, has claimed prejudice without specifically explaining any actual prejudice.  The fact that the parties may need to alter their pretrial statements is of no moment as trial has been reset for March 2012.  If PacTool discovers actual prejudice resulting from the Court's decision to vacate summary judgment on literal infringement on two of its twenty-five asserted claims, then the Court will consider appropriate remedial measures.  At this point, however, there has been no showing of actual prejudice.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Kett's motion to vacate summary judgment of literal infringement (Dkt. 270) is **GRANTED**, the Court's previous order is

ORDER - 4

**VACATED** as to the issue of literal infringement of Claims 10 and 19 of the '998 patent (Dkt. 148), and PacTool's motion (Dkt. 58) on this issue is **DENIED**.

DATED this 20th day of December, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5