UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PACTOOL INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> KETT TOOL COMPANY, INC., et al., <br><br> Defendants. | CASE NO. C06-5367BHS <br><br> ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE |

This matter comes before the Court on Defendant Kett Tool Company, Inc.'s ("Kett") motion for summary judgment (Dkt. 125) and Plaintiff PacTool International Ltd.'s ("PacTool") motion to strike (Dkt. 297). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motion for summary judgment and grants in part and denies in part the motion to strike for the reasons stated herein.

## I. PROCEDURAL HISTORY

On June 29, 2006, PacTool filed a complaint against Kett alleging patent infringement. Dkt. 1. On April 8, 2010, PacTool filed a First Amended Complaint against Defendants Kett and H. Rowe Hoffman alleging patent infringement. Dkt. 63. On July 14, 2010, Kett answered the complaint and asserted numerous affirmative

ORDER - 1

defenses, including the defense that the claims are invalid for failure to comply with the conditions and requirements for patentability. Dkt. 95, ¶ 26.

On December 7, 2010, Kett filed a motion for summary judgment on the issue of invalidity. Dkt. 125. On December 15, 2010, the Court stayed consideration of the motion until the claims of the patents were construed. Dkt. 129. On October 26, 2011, the Court renoted Kett's motion for consideration on November 18, 2011. *See* Dkt. 262. On October 27, 2011, the Court issued the Claim Construction Order. Dkt. 263. On November 11, 2011, PacTool responded. Dkt. 283. On November 25, 2011, Kett replied. Dkt. 295. On December 2, 2011, PacTool filed a surreply requesting that the Court strike certain material that Kett submitted in support of its reply. Dkt. 297.

## II.  FACTUAL BACKGROUND

It is undisputed that Pactool purchased center blades and sheers from Kett before November of 1996. On November 12, 1996, PacTool requested that Kett revise the "cutting edge width" of the center cutting blade (Part No. 92-21). Dkt. 125-1, Declaration of Kathy Conlon, Exh. 1. The revision was to manufacture a blade that was "thinner" than the center blade on PacTool's current tools. *Id*.

On November 14, 1996, PacTool ordered 50 center blades (Part No. 92-21) from Kett. *Id*. at ¶ 6 & Exh. 5. On November 27, 1996, Kett advised that the 50 center blades (Part No. 92-21) were on "backorder." *Id*. at ¶ 6 & Exh. 6. Ms. Conlon, Kett's president, claims that Kett's fiscal year ends November 30th of each year and at that time Kett conducts a physical yearly inventory. *Id*. at ¶ 4. Kett's 1996 inventory shows that on November 30, 1996, Kett had 252 center blades (Part No. 92-21) in stock and no complete shear heads (Part Nos. 92-20 or 92-20-S) in stock. *Id*. at ¶ 4 & Exh. 3.

Kett has submitted a hand-written note dated November 27, 1996 and purportedly written by Dave F. Schindler, Kett's Chief Engineer at that time. The note was addressed

to John Boone and provides, in part, that the "SPECIFICATIONS FOR 92-21 CENTER BLADES HAVE CHANGED SINCE YOU RAN THEM LAST." *Id.*, Ex. 2.

Ms. Conlon also claims that Kett opened a "Router" on December 5, 1996, to "rework" the center blades (Part No. 92-21). *Id.* at ¶ 5 & Exh. 4. The Router does not indicate what the "rework" consisted of and the "date finished" portion is blank. *See id.*, Exh. 4.

On December 6, 1996, Kett filled the backorder for the center blades and shipped to PacTool 50 center blades (Part No. 92-21). *Id.* at ¶ 6 & Exh. 7. Although Ms. Conlon has no personal knowledge of this order, she asserts that the center blades were reworked to the widths that PacTool requested in the November 12, 1996 drawing, the thinner blade widths. *Id.* at ¶ 6. Ms. Conlon also claims that

> all of the center blades (Part No. 92-21) Kett sold individually thereafter to PacTool, and all of the complete shear head assemblies (Part Nos. 92-20 and 92-20-S) that Kett sold to PacTool thereafter had center blades (Part No. 92-21) with the width shown in Kett's November 12, 1996 Drawing No. 92-21.

*Id.*

On December 6, 1996, PacTool ordered 100 complete shear heads (Part No. 92-20-S) from Kett which, on December 9, 1996, Kett shipped to PacTool, at its request, via UPS 3rd day delivery. *Id.* at ¶ 7 & Exhs. 8 & 9. On December 16, 1996, PacTool ordered 100 center blades (Part No. 92-21) from Kett which, on December 19, 1996, Kett shipped to PacTool, at its request, via UPS 3rd day delivery. *Id.* at ¶ 8 & Exhs. 10 & 11. On December 17, 1996, PacTool ordered 100 complete shear heads (Part No. 92-20) from Kett which, on December 23, 1996, Kett shipped to PacTool, at its request, via UPS 3rd day delivery. *Id.* at ¶ 9 & Exhs. 12 & 13. On January 2, 1997, PacTool ordered 100 complete shear heads (Part No. 92-20-S) from Kett which, on January 6, 1997, Kett shipped to PacTool, at its request, via UPS 3rd day delivery. *Id.* at ¶ 10 & Exhs. 14 & 15. On January 6, 1997, PacTool ordered 200 complete shear heads (Part No. 92-20-S) from

Kett which, on January 15, 1997, Kett shipped to PacTool, at its request, via UPS 3rd day delivery. *Id*. at ¶ 11 & Exhs. 16 & 17. On January 21, 1997, PacTool ordered 25 center blades (Part No. 92-21) from Kett which, on January 22, 1997, Kett shipped to PacTool, at its request, via UPS 3rd day delivery. *Id*. at ¶ 12 & Exhs. 18 & 19. On January 29, 1997, PacTool ordered 200 complete shear heads (Part No. 92-20-S) from Kett which, on January 30, 1997, Kett shipped to PacTool, at its request, via UPS 3rd day delivery. *Id*. at ¶ 13 & Exhs. 20 & 21. On February 12, 1997, PacTool ordered 200 complete shear heads (Part No. 92-20-S) from Kett which, on February 17, 1997, Kett shipped to PacTool, at its request, via UPS 3rd day delivery. *Id*. at ¶ 14 & Exhs. 22 & 23.

On January 23, 1997, PacTool placed an order with Kett to have 92 items reground to "current blade width tolerances." The PacTool purchase order states that the items were side knives (Part 92-22). *Id*., Exh. 24 at 1. Kett's documentation, however, shows that the original typed part number and part description are crossed out and that handwritten entries state that the items were center blades (Part No. 92-21). *Id*., Exh. 24 at 2. On February 19, 1997, Kett shipped these reground items back to PacTool and the invoice describes the Part No. as "*92-21" with no explanation for the asterisk. *Id*. Exh., 25.

On February 27, 1997, PacTool ordered 200 complete shear heads (Part No. 92-20-S) from Kett which, on February 28, 1997, Kett shipped to PacTool, at its request, via UPS 3rd day delivery. *Id*. at ¶ 16 & Exhs. 26 & 27.

Pactool has submitted two declarations regarding the items it received from Kett during this critical period. Scott Fladgard, a named inventor and President of Pactool, asserts that to his "knowledge, PacTool did not purchase or receive any thin center blades from Kett prior to March 6, 1997." Dkt. 283-2, Declaration of Scott Fladgard, ¶ 3. John Whitehead, PacTool's Director of Research and Development, also asserts that to the best of his "knowledge, PacTool did not receive any of the thin blades from Kett prior to

ORDER - 4

March 6, 1997." Dkt. 283-5, Declaration of John Whitehead, ¶ 8. Mr. Whitehead also asserts that, if any thin blades were received, "they would have been used for the purpose of experimentation." *Id*.

On March 6, 1998, PacTool filed its application for the '303 patent. Dkt. 63-2 at 2. The '998 patent claims priority to the '303 patent filing date. Dkt. 63-3 at 12.

### III. DISCUSSION

**A.  Motion to Strike**

In support of its reply brief, Kett submitted (1) the Declaration of John Boone (Dkt. 295-1); (2) the Declaration of Kathy Conlon (Dkt. 295-2); (3) the Declaration of Alexander Rozumovich (Dkt. 295-3); and (4) Exhibits 14a, 16a, 20a, 22a, and 26a attached to Ms. Conlon's Declaration. Kett filed these materials to establish the foundation for the business records that Kett submitted with its original brief, which Pactool objected to in its response. In the surreply, Pactool moves to strike these exhibits on the basis that it is improper to submit new facts for the first time in a reply brief. Dkt. 297 at 2-3. Pactool is not prejudiced by Kett's subsequent filings because Pactool provided substantive arguments in its response to these business records. *See* Dkt. 283 at 13-17. Therefore, the Court denies PacTool's motion to strike the evidence as well as the subsequent foundation evidence.

Kett also submitted a portion of the Deposition of Kurt Waggoner (Dkt. 295-8) and a portion of the Deposition of Kathy Conlon (Dkt. 295-9) to establish the fact that Kett sold "complete tools" prior to the critical date for the patents in suit. This is an issue that arose for the first time in the reply and PacTool has not had an opportunity to provide a response. Therefore, the Court grants PacTool's motion on this issue and the Court will not consider this fact on this motion for summary judgment.

ORDER - 5

Finally, PacTool requests that the Court strike any reference or argument related to indefiniteness. Dkt. 297 at 4. The Court declines to strike these references as the issue is adequately addressed below.

**B.   Summary Judgment**

Kett moves for summary judgment on the issues of (1) prior sale and (2) indefiniteness. Dkt. 125 at 6-17. With regard to the latter, Pactool argues that the motion is moot because the Court held that the claims were subject to construction. Dkt. 283 at 6-7. Kett disagrees and argues that issues of indefiniteness remain for trial. Dkt. 295 at 13.

"A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims." *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005) (quoting *Personalized Media Communications., L.L.C. v. Int'l Trade Comm'n*, 161 F.3d 696, 705 (Fed. Cir. 1998)). The Court agrees with Pactool on this issue because the issues of indefiniteness were determined when the Court construed the disputed claims. Therefore, the Court denies Kett's motion for summary judgment on claim indefiniteness as moot. The remaining issue involves the parties' opposing factual contentions.

    **1.   Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson,* 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### 2. Kett's Motion

Kett moves for summary judgment of invalidity on the basis that the prior sale of the thinner cutting blades either violates the prior sale doctrine or renders the claimed invention obvious in light of the on-sale device and the prior art. Dkt. 125 at 6.

Pursuant to 35 U.S.C. § 102(b), a person is not entitled to a patent if "the invention was . . . on sale in this country, more than one year prior to the date of the application for patent in the United States." Moreover, pursuant to 35 U.S.C. § 103(a),

> [a] patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 . . ., if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

It is well-settled that

> Section 102(b) may create a bar to patentability either alone, if the device placed on sale is an anticipation of the later claimed invention or, in conjunction with 35 U.S.C. § 103 . . ., if the claimed invention would have been obvious from the on-sale device in conjunction with the prior art.

*KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1451-52 (Fed. Cir. 1993) (quoting *LaBounty Mfg., Inc. v. United States Int'l Trade Comm'n*, 958 F.2d 1066, 1071 (Fed. Cir. 1992)).

"The ultimate determination of whether an invention was on sale is a question of law based on underlying issues of fact." *Dow Chemical Co. v. Mee Industries, Inc.*, 341 F.3d 1370, 1375 (Fed. Cir. 2003). "A conclusion that a section 102(b) bar invalidates a patent must be based on clear and convincing evidence." *Netscape Communications Corp. v. Konrad*, 295 F.3d 1315, 1320 (Fed. Cir. 2002) (citing *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 549 (Fed. Cir. 1990)).

In this case, Kett has failed to meet its burden of producing clear and convincing evidence that the claimed invention was on sale prior to the critical date. While the invoices and shipping receipts show that parts were sold to PacTool, they are not clear and convincing that the thinner blades were the parts covered by the orders. The factfinder must draw the inference that the blades were ground down to PacTool's requested dimensions and then shipped to PacTool. The inference must also be drawn in light of the fact that Kett apparently referred to the "fat" and "thin" center blades by the same part number. There is simply no evidence on the record as to these critical facts. Moreover, the blades that were shipped back to Kett for reworking were originally

ORDER - 8

labeled as side knives, not as center cutting blades. It appears that a Kett employee altered the document to state that the parts were the center cutting blades.

With regard to PacTool's evidence, it has submitted the testimony of two key employees who both assert that PacTool did not receive the thinner blades prior to the critical date. Although the assertions are self-serving, "at this stage of the litigation, the judge does not weigh conflicting evidence . . . [or] make credibility determinations with respect to [the evidence on record]." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (citing *Anderson*, 477 U.S. at 253). Therefore, the Court denies Kett's motion on the issue of whether the patents are invalid based on a prior sale because Kett has failed to produce clear and convincing evidence of a prior sale.

With regard to the issue of obviousness, there is no admissible evidence before the Court of the sale of a prior device. Therefore, the Court denies Kett's motion on the issue of obviousness because Kett has failed to meet its burden.

### IV.  ORDER

Therefore, it is hereby **ORDERED** that Kett's motion for summary judgment (Dkt. 125) is **DENIED** and PacTool's motion to strike (Dkt. 297) is **GRANTED in part** and **DENIED in part** as stated herein.

DATED this 29th day of December, 2011.

BENJAMIN H. SETTLE
United States District Judge