UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PACTOOL INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> KETT TOOL COMPANY, INC., et al., <br><br> Defendants. | CASE NO. C06-5367BHS <br><br> ORDER |

This matter comes before the Court on Plaintiff PacTool International Ltd.'s ("PacTool") motion to exclude the report and testimony of Richard A. Killworth ("Killworth") (Dkt. 255), motion to exclude the opening expert report and related testimony of Keith A. Hock ("Hock") (Dkts. 257 & 258), motion to exclude portions of the opening report and related testimony of Nicholas C. Tarkany ("Tarkany") (Dkt. 259), and motion to bifurcate trial (Dkt. 278). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file.

## I. PROCEDURAL HISTORY

On June 29, 2006, PacTool filed a complaint against Kett Tool Company, Inc. ("Kett") alleging patent infringement. Dkt. 1. On April 8, 2010, PacTool filed a First Amended Complaint against Kett and Defendant H. Rowe Hoffman alleging patent infringement. Dkt. 63. On July 14, 2010, Kett answered the complaint and asserted numerous affirmative defenses, including certain equitable defenses. *See* Dkt. 95. On December 6, 2010, Elizabeth Tu Hoffman, executor for H. Rowe Hoffman, (the "Estate"; collectively with Kett "Defendants") was substituted for H. Rowe Hoffman. Dkt. 121.

ORDER - 1

On October 20, 2011, PacTool filed a motion to exclude the report and testimony of Killworth (Dkt. 255), a motion to exclude the opening expert report and related testimony of Hock (Dkts. 257 & 258), and a motion to exclude the portions of the opening report and related testimony of Tarkany (Dkt. 259). On October 31, 2011, Defendants responded. Dkts. 267, 268, & 269. On November 4, 2011, PacTool replied. Dkts. 273, 274, & 275.

On November 7, 2011, PacTool filed a motion to bifurcate trial. Dkt. 278. On December 5, 2011, Defendants responded. Dkt. 299. On December 16, 2011, PacTool replied. Dkt. 303.

## II.  DISCUSSION

**A.     Motion to Bifurcate**

A court "may order a separate trial of one or more separate issues, claims, cross claims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Such bifurcation is warranted "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Bifurcation is within the sound discretion of the trial court. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

In this case, PacTool requests that the Court bifurcate trial on the equitable issues from the legal issues. Dkt. 278 at 11. PacTool, however, has failed to persuade the Court that bifurcation of the issues is either necessary or more convenient. The factual issues of invalidity and inequitable conduct are intertwined because the issues are based on whether there was prior sales of the patentable device. With regard to the defenses of laches, waiver, equitable estoppel, implied license and unclean hands, PacTool has failed to persuade the Court that the evidence is so prejudicial that it requires a separate trial. Based on the parties' briefs and evidence in the record, the case can be managed by a single trial and it is unlikely that the jury will be confused or make a mistake if the

evidence on equitable issues is presented.  Therefore, PacTool's motion to bifurcate is denied.

**B.    Motions to Exclude**

Federal Rule of Evidence 702 governs the admission of expert testimony and provides in part as follows:

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts.

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993), and Rule 702, courts are charged with a "gatekeeping role," the objective of which is to ensure that expert testimony admitted into evidence is both reliable and relevant.  Courts do not permit expert testimony that "invades the province of the jury to find facts and that of the court to make ultimate legal conclusions." *Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1364 (Fed. Cir. 2009).  "Admission of expert testimony is within the discretion of the trial court." *Acoustical Design, Inc. v. Control Elecs. Co.*, 932 F.2d 939, 942 (Fed. Cir. 1991) (citing *Salem v. U.S. Lines Co.*, 370 U.S. 31, 35 (1962)).

In this case, PacTool moves to exclude the report and related testimony of three experts: Killworth, Hock and Tarkany.  The Court will address each motion separately.

**1.    Killworth**

The Estate has retained Killworth, who is a registered and practicing patent attorney.  Dkt. 255-2 at 23.  Killworth provides as follows:

> If called upon to testify at the trial of this case, I expect to testify regarding Patent Office practice and procedure, and that at least one person with the duty of disclosure violated that duty during the original prosecution of the '303 and '998 patents, and at least one person with the duty of disclosure violated that duty during the reexamination of those same patents.

*Id.* at 13. Killworth may testify regarding Patent Office practice and procedure. *See Sundance*, 550 F.3d at 1363 n. 5. The remainder of Killworth's proffered testimony, however, is clearly legal conclusions that persons violated the duty of disclosure. Therefore, the Court grants PacTool's motion as to all testimony except the practices and procedures of the Patent Office. The Court may exclude this testimony as well because it has not been shown that specialized knowledge of these procedures will assist a jury as to any evidence in this particular case.

**2. Hock**

Kett has retained Hock to provide an opinion on (1) whether Kett made a sale to PacTool before March 6, 1997 and (2) PacTool's damages. Dkt. 257-1 at 7. PacTool moves to exclude the opening report of Hock and related testimony regarding when and if sales were made because it is not credible, it is outside of Hock's expertise, and it would be confusing to the jury. Dkt. 257 at 7-11. The Court agrees with PacTool and finds that Hock's opening report improperly invades the province of the jury to find facts that are at issue. Hock relies on sales documents and inventory documents to conclude that Kett sold the thin blades to PacTool prior to March 6, 1997. That specific conclusion is a question of fact for the jury to determine. If the Court allowed this testimony, Hock would not be assisting the trier of fact to understand or determine a fact at issue; Hock would be providing testimony that there actually was at least one sale made. This is improper. Therefore, the Court grants PacTool's motion to exclude the opening report and related testimony of Hock.

**3. Tarkany**

Defendants have retained Tarkany as a "technical expert consultant." Dkt. 259-2 at 2. Tarkany provides as follows:

> If called upon to testify at trial of this case, I expect to testify about the invalidity of asserted claims of U.S. Patent No. 5,993,303 ("the '303 patent") and U.S. Patent No. 6,250,998 ("the '998 patent") (including their respective reexamination

ORDER - 4

certificates) (collectively "the patents-in-suit") and/or the unenforceability of those patents.

*Id*. at 4.  An expert qualified in the pertinent art may testify on issues

> such as the nature of the claimed invention, the scope and content of prior art, the differences between the claimed invention and the prior art, or the motivation of one of ordinary skill in the art to combine these references to achieve the claimed invention.

*Sundance*, 550 F.3d at 1364.

In this case, Tarkany is a machinist and PacTool does not challenge his qualifications as an expert.  Thus, under applicable case law, Tarkany may testify on certain aspects of the prior art and its relevance in this case.  Tarkany, however, may not testify regarding pure issues of law, such as obviousness, inventorship, and derivation.  These issues are best left to trial and the Court will not enter a blanket order limiting Tarkany's specific testimony.  On the other hand, the Court will consider entering a blanket order with regard to Defendants' failure to comply with the rules of discovery.

Fed. R. Civ. P. 26(a)(2) requires that an expert report must be "detailed and complete."  Specifically, expert reports

> shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions . . . .

Fed. R. Civ. P. 26(a)(2)(B).  The consequences of an expert's failure to meet those requirements are also set out in the Federal Rules:

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1).

In this case, PacTool argues (1) that Tarkany failed to disclose specific combinations of prior art that would render the patents invalid and (2) that the two Japanese patents that Tarkany relied upon should be excluded because Defendant failed to

ORDER - 5

comply with the rules of evidence and rules of civil procedure. With regard to the former issue, the Court agrees with PacTool that Tarkany has failed to disclose the basis and reasons for his opinion that there are "dozens" of obviousness combinations that render the patents invalid. Defendants content that they "will only seek to make invalidity arguments disclosed in the Invalidity Contentions and will ensure that the scope of Mr. Tarkany's testimony is congruent with the scope of his report." Dkt. 269 at 4. Therefore, the Court grants PacTool's motion, at least to this extent. The Court will also place the burden upon Defendants at trial to show that an obviousness combination was actually disclosed in Tarkany's report and is not based on speculation because it was unduly burdensome to disclose during discovery.

With regard to the Japanese patents, Defendants have clearly failed to comply with Federal Rule of Evidence 902(3) and Federal Rule of Civil Procedure 44(a)(2). Defendants have also failed to offer any substantial justification for this failure. Morever, providing full, certified copies of the translations now would require additional discovery and expert analysis. Therefore, the Court grants PacTool's motion on this issue and any evidence based on these patents will be excluded from trial.

### III.  ORDER

Therefore, it is hereby **ORDERED** that PacTool's motion to exclude the Killworth report and related testimony (Dkt. 255) is **GRANTED in part** and **DENIED in part** as stated herein; PacTool's motion to exclude the opening expert report and related testimony of Hock (Dkts. 257 & 258) is **GRANTED**; PacTool's motion to exclude the portions of the opening report and related testimony of Tarkany (Dkt. 259) is **GRANTED**

1  **in part** and **DENIED in part** as stated herein; and PacTool's motion to bifurcate trial
2  (Dkt. 278) is **DENIED**.
3      DATED this 4th day of January, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7