UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PACTOOL INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> KETT TOOL COMPANY, INC., et al., <br><br> Defendants. | CASE NO. C06-5367BHS <br><br> ORDER DENYING MOTIONS TO SEAL |

This matter comes before the Court on Plaintiff PacTool International Ltd.'s ("PacTool") motion to seal exhibits to the motion to exclude opening expert report and related testimony of K. Hock (Dkt. 256), motion to seal PacTool's reply in support of its motion to exclude the opening expert report and related testimony of K. Hock (Dkt. 271), motion to seal exhibits in support of PacTool's memorandum in opposition to Defendant Kett Tool Company's ("Kett") motion for summary judgment as to invalidity (Dkt. 282), and Kett's motion to seal exhibits to the Conlon declaration (Dkt. 292). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

Local Civil Rule 5(g)(2) governs the sealing of documents filed with the Court and provides as follows:

> There is a strong presumption of public access to the court's files. With regard to dispositive motions, this presumption may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review. With regard to nondispositive motions, this presumption may be overcome by a showing of good cause under Rule 26(c).

ORDER - 1

"Any party opposing the unsealing must meet the required showing pursuant to 5(g)(2) that the interests of the parties in protecting files, records, or documents from public review continue to outweigh the public's right of access." Local Rule CR 5(g)(6).

In this case, the instant motions to seal all relate to the same set of documents. During production, Kett marked these documents "Confidential – Attorneys Eyes Only" because Kett asserts that the documents contain "proprietary information." Dkt. 292 at 2. This assertion is without merit. First, any reference to the width of the blades or drawings reflecting a requested change in the width is disclosed in the patents in suit and is already public knowledge. Second, the purchase orders, testimony, and expert report regarding what PacTool may have purchased from Kett in 1996 or 1997 can hardly be considered proprietary information. While the prices Kett charged PacTool may have been considered protected information at one time, there has been no showing that the prices of fifteen years ago is proprietary information as of today. It is even more remarkable that some of the material is marked attorney's eyes only when the parties should have full knowledge of what was purchased and/or ordered. Therefore, the Court denies all of the motions and the Clerk is directed to unseal docket entries 257, 272, 284 & 293.

**IT IS SO ORDERED**.

DATED this 24th day of January, 2012.

BENJAMIN H. SETTLE
United States District Judge