UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PACTOOL INTERNATIONAL LTD,<br><br>Plaintiff,<br><br>v.<br><br>KETT TOOL COMPANY, INC., et al.,<br><br>Defendants. | CASE NO. C06-5367 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO SEAL AND IMPOSING SANCTIONS |

This matter comes before the Court on the continuance of trial (Dkt. 325), the parties' briefs regarding sanctions (Dkts. 327, 335, & 337), and Plaintiff PacTool International LTD's ("PacTool") motions to seal (Dkts. 329 & 334). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motions to seal and imposes sanctions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On March 25, 2010, PacTool filed a motion for summary judgment on the issue of whether Defendant Kett Tool Company, Inc. ("Kett") literally infringed the patents in

suit. Dkt. 58. The motion was subsequently renoted, and, on September 23, 2010, the Court stayed consideration of the motion pending briefing on whether the Court should hold a claim construction hearing. Dkt. 106. On December 15, 2010, the Court renoted PacTool's motion and requested a proposed schedule for a claim construction proceeding. Dkt. 129. Both Kett and Defendant Elizabeth Tu Hoffman (collectively "Defendants") opposed the Court considering the summary judgment motion before claim construction. Dkt. 113. The Court, however, was persuaded by PacTool's arguments in favor of early consideration of the motion. Dkts. 111 & 115. In particular, PacTool argued that, with regard to the claims at issue in the motion, Kett is only challenging the claims' validity, which is an issue wholly separate from the issue of literal infringement. Dkt. 115 at 6–7. PacTool stated that the "Court should grant summary judgment for literal infringement of the three claims asserted in PacTool's motion and then permit Kett to raise any claim construction issues it might have as to the invalidity issue." *Id.* at 7.

On January 26, 2011, the Court issued a scheduling order setting the matter for trial on December 12, 2011. Dkt. 146. The Court also set the discovery deadline as August 15, 2011. *Id.*

On March 4, 2011, the parties filed their opening claim construction briefs. As expected, Kett challenged the validity of numerous claims and, in particular, argued that the "words of degree" claims terms were invalid because the specification did not provide sufficient information to determine an objective standard for any of these unique terms. Dkt. 170 at 14–23. PacTool responded that the claims were definite because the specifications provided sufficient information. Dkt. 188 at 7–14.

On October 27, 2011, the Court issued an order construing the claims of the patents in suit. Dkt. 263. In particular, the Court concluded that, although the patent claims used words of degree, the specifications provided objective standards for measuring the various degrees. *Id.* at 9–11. On October 28, 2011, the Court denied PacTool's motion for summary judgment because, in part,

> There is no evidence in the record regarding either the failure rate of the prior art or objective evidence of a clean or even edge cut. Without providing evidence on these elements of their claims of infringement, PacTool has failed to meet its initial burden of proving that Kett's devices either provide clean edge cuts or inhibit premature failure or wear.

Dkt. 265 at 4. After issuance of this order, PacTool immediately began testing the relevant products to determine an objective standard and to obtain evidence of infringement. *See* Dkt. 335 at 7.

On December 20, 2011, the Court found that it was necessary to vacate its previous order granting PacTool summary judgment as to literal infringement (Dkt. 148) because PacTool had failed to submit evidence on every element of every claim. Dkt. 304.

Due to a congested Court calendar, the parties filed a stipulation to reset the trial date to March 6, 2012. Dkt. 287. The Court granted the extension. Dkt. 290. PacTool failed to inform the Court that its testing was incomplete or that it was unprepared for trial at this time. It's unclear whether Defendants were aware of this fact.

On December 5, 2011, PacTool filed a response to Kett's motion in limine and stated that "PacTool is presently conducting testing to establish that the functional

1 limitation of the claims is met. PacTool will permit, well before trial, a deposition of the
2 person doing the testing if it intends to introduce this evidence at trial." Dkt. 298 at 9.
3   On January 21, 2012, PacTool informed Kett that they intended to call the tester at
4 trial and offered Kett the opportunity to conduct a deposition. Dkt. 310–4 at 2. Kett
5 declined. *Id*.
6   On February 13, 2012, PacTool produced the supplemental report of its technical
7 expert, Mr. R. Lee Rawls ("Rawls"). Dkt. 310–6.
8   At the pretrial conference, the Court continued the trial in lieu of excluding Rawls'
9 report. *See* Dkt. 325. The Court also set a briefing schedule on the issue of imposing
10 sanctions on PacTool for the possible discovery violation. *Id*. On March 9, 2012,
11 Defendants filed an opening brief. Dkt. 327. On March 16, 2012, PacTool responded.
12 Dkt. 335. On March 21, 2012, Defendants replied. Dkt. 327.

## II. DISCUSSION

**A.  Motions to Seal**

  There is a strong presumption of public access to the court's files. With regard to material submitted in support of nondispositive motions, this presumption may be overcome by a showing of good cause under Rule 26(c). Local Rule CR 5(g)(2). In this case, PacTool has shown that there is good cause to seal the requested material. Therefore, the Court grants PacTool's motions to seal (Dkts. 329 & 334).

**B.  Sanctions**

  If a party fails to timely supplement an expert report, the party is not allowed to use that at trial. Fed. R. Civ. P. 37(c)(1). Instead of this sanction, the Court "may order

payment of the reasonable expenses, including attorney's fees, caused by the failure . . . and other appropriate sanctions." *Id*. The Ninth Circuit reviews "every discovery sanction for an abuse of discretion [and gives] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)). "[E]ven absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)." *Yeti*, 259 F.3d at 1106.

In this case, the Court declined to impose the sanction of excluding PacTool's expert report. During the pretrial conference, PacTool's counsel conceded that exclusion of the report would be "devastating" to PacTool's case. The Court reset trial and requested briefing on the issues of whether PacTool violated the discovery rules and whether other appropriate sanctions should be imposed. After review of the docket and the briefing on these issues, it is apparent that PacTool blatantly violated the rules of discovery without warning or request for leave to file a supplemental report. PacTool simply conducted its testing and served its expert's report upon completion. Instead of addressing these facts, PacTool points the finger at Kett as well as the Court and argues that any violation was substantially justified.

With regard to Kett, PacTool argues that additional discovery was justified because Kett drastically changed its position. Specifically, PacTool claims that

1         Kett changed positions at the end of discovery in two fundamental ways.
        First, prior to fact discovery termination, Kett's position was that
2         "premature wear" inherently flowed from the "spacing distance." Dkt. 249.
        Second, Kett argued that its own testing was protected as work product and
3         refused to allow discovery.

4 *Id.* PacTool's first argument is not supported by the record, and its second argument is

5 irrelevant. Kett's original position was that the claims were invalid and that the Court

6 should not consider PacTool's early dispositive motion. Dkt. 115. At the very latest,

7 PacTool was on notice of Kett's position with regard to the words of degree terms when

8 Kett filed its opening claim construction brief on March 4, 2011. *See* Dkt. 170 at 14–23.

9 The discovery deadline was five months later, which is ample time to complete the

10 required testing. Therefore, PacTool has failed to show that any conduct by Kett

11 substantially justifies the failure to follow the rules of discovery.

12        With regard to the Court's order vacating its previous summary judgment order

13 (Dkt. 304), PacTool has also failed to show that this substantially justifies PacTool's

14 conduct. PacTool claims that its

15         submission of evidence after the close of discovery was substantially
        justified because the Court did not change its prior position (which would
16         not have required the testing evidence) until after discovery was terminated,
        and PacTool moved immediately, diligently, and continuously to develop
17         that evidence and provided notice to both Kett and the Court of that testing.

18 *Id.* The Court was initially hesitant to rule on that summary judgment motion and sought

19 each party's input on whether the Court should consider the motion before a claim

20 construction hearing. *See* Dkt. 106. On October 8, 2010, PacTool filed a brief requesting

21 that the Court consider the motion before construing the claims of the patents in suit.

22 Dkt. 111. In fact, PacTool stated that it "does not see a need for the Court to consider an

1 additional claim construction proceeding in connection with its pending motion for

2 summary judgment." *Id*. at 8. On December 15, 2010, the Court agreed with PacTool

3 and issued an order noting the motion for consideration. Dkt. 129. In that same order,

4 the Court found that claim construction would be necessary and requested that the parties

5 file a proposed schedule. *Id*.

6       The fact that issues arose during claim construction that prompted the Court to

7 vacate its previous order is not substantial justification for failing to follow the rules of

8 discovery. Moreover, PacTool's responsive claim construction brief specifically

9 addressed the relevant issue of law. *See* Dkt. 188 at 7–14 (arguing that the claim terms

10 are definite because the specifications provide an objective standard). PacTool was

11 aware that it would have to prove this element of its claims in order to prove

12 infringement. Therefore, the Court finds that PacTool has failed to show that its failure

13 to follow the rules of discovery was substantially justified.

14       With regard to the imposition of sanctions under Rule 37(c)(1), the Court finds

15 that appropriate sanctions are Defendants' costs and fees that relate to the continuance of

16 the March trial. This decision is based on the fact that, if PacTool had timely conducted

17 the testing, Defendants would have had to conduct responsive discovery. It is not

18 appropriate to hold PacTool responsible for the costs of discovery that should have

19 occurred before the discovery deadline.

20       Defendants have requested both monetary and non-monetary sanctions. Dkt. 327

21 at 9–12. The Court imposes monetary sanctions consistent with Defendants' requests in

22 paragraphs 1 (the greater amount), 2, 3, 7, 8 (to the extent experts were prepared for the

1  March trial), 10, and 11. Defendants may submit a fee schedule for approval when the
2  extent of these expenses is known considering that travel plans may not be solidified for
3  the August pretrial conference. The Court also imposes non-monetary sanctions
4  consistent with Defendants' requests in paragraphs 1, 2, 3, and 6 (if necessary). The
5  Court declines to impose Defendants' requests in paragraphs 4 and 5 because the
6  discovery rules adequately protect Defendants if PacTool produces additional discovery.

### III. ORDER

Therefore, it is hereby **ORDERED** that PacTool's motions to seal (Dkts. 329 & 334) are **GRANTED** and, pursuant to Fed. R. Civ. P. 37(c), the Court **IMPOSES** appropriate sanctions as set forth herein.

Dated this 11th day of June, 2012.

BENJAMIN H. SETTLE  
United States District Judge